ALFRED HARRIS et al., Respondents, *v.* B. D. BROWN, Appellant.

Where, after the denial of a motion to vacate an order of arrest, the defendant renews the motion upon further affidavits, this is a waiver of the right to appeal from the order denying the first motion.

*It seems* the fact that no formal leave to renew a motion on additional papers was granted does not necessarily determine that a second motion made on an order to show cause is not a renewal; the granting the order to show cause, and hearing the second motion on the original and additional papers is, in effect, granting leave to renew, and a renewal.

(Argued June 29, 1883 ; decided October 2, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 30, 1883, dismissing an appeal from an order denying a motion to vacate an order of arrest herein, " on the ground (as stated in the order of dismissal) that the defendant waived the right to appeal from said order by renewing a motion on additional papers." (Mem. of decision below, 29 Hun, 477.)

*Samuel Hand* for appellant. There was no waiver of the right to appeal here. (*In re N. Y. & H. R. R. Co.*, 60 N. Y. 112; *Barker* v. *White*, 58 id. 204; *Brown* v. *Mayor*, 9 Hun, 578 ; *Platz* v. *Cohoes*, 8 Abb. N. C. 392 ; 4 Wait's Pr. 216 ; *Embry* v. *Palmer*, U. S. Sup. Ct., 27 Alb. L. J. 395 ; *Wilkie* v. *R. & S. R. R. Co.*, 12 Hun, 246 ; *Clumpha* v. *Whiting*, 10 Abb. 448.)

*Abram Kling* for respondents. The renewal of a motion is a waiver of the right to appeal from the original order. (*Robins* v. *Ferris*, 5 Hun, 286; *Noble* v. *Prescott*, 4 E. D. Smith, 140; *Peel* v. *Elliott*, 16 How. Pr. 483.)

MILLER, J. The General Term dismissed the appeal in this case, from an order denying a motion to vacate an order of arrest, upon the ground that the defendant had waived his right to appeal by a renewal of the motion to vacate. The motion to dismiss was made on the papers upon which the order of arrest was granted, and an affidavit of plaintiffs' attorney, from which it appeared that subsequent to the order, vacating the order of arrest, the defendant made a further motion, before the same judge, upon another order to show cause to vacate the order of arrest, which motion was denied. The question to be determined is, whether there was a waiver of the right to appeal from the first order denying the motion by making the second motion upon additional papers. It appears that the case presented included all the papers, and involved the consideration of those originally used on the first motion, as well as the additional affidavits. The appellant insists that no leave of the court was obtained by him to renew the motion to vacate upon his original papers, and additional affidavits, and hence there was no renewal of the same. Although no formal leave was granted to renew, yet the granting of the order to show cause, and the hearing of the motion on additional affidavits, was in fact granting leave to renew the motion, and a renewal of the same. We think, therefore, that the position taken that no leave was granted is without force, and the motion made was virtually a renewal of the original motion by permission of the court. Be that as it may, however, as that motion involved the entire merits of the case as presented by the original papers, and the additional affidavits, and was decided in view of all the facts and circumstances presented, the defendant thereby waived the right of appeal from the original order. After thus consenting to a disposition and determination of the motion, it is quite manifest that there is no valid ground for

claiming that the right of appeal· exists from the first order, which involves only the question as to the right to grant the original order of arrest ; such a practice is not sustained by authority. On the last motion the plaintiffs availed themselves of the right to bring in additional affidavits to answer those upon which it was based, as well as to support the original affidavit, upon which the order of arrest was granted. Under the circumstances the defendant abandoned his first morion, and has placed the case in a position where the merits of the motion cannot be disposed of on the first order, for the reason that upon the second application a state of facts may have been presented which would sustain the order of arrest, although the original papers may have been defective. As the case stands we are unable to see any reason why the defendant should not abide the result of the second motion. Conceding, as is claimed by his counsel, that to constitute a waiver of the right of appeal some benefit should have been received, it cannot, we think, be claimed that such a rule can be invoked, where the defendant has renewed his motion to vacate without appealing from the first order denying such motion.

The order should be affirmed.

All concur, except RUGER. Ch. J., and EARL, J., dissenting, and ANDREWS, J., absent.

Order affirmed.