J. H. SCROGGS, Adm'r of A. R. Simonton, v. J. H. STEVENSON, Adm'r of J. F. Alexander, and others.

*Practice; Exceptions to Report of Referee—Res judicata—Advancements—Executors and Administrators; Commissions allowed.*

1. An exception to a referee's report, not considered by the Judge below, cannot be considered by this Court on appeal; a ruling in the Court below being necessary, to confer jurisdiction on this Court. In such case, the cause will be left open in the lower Court, that the exception may be passed upon there.

2. Where exceptions to the report of a referee are passed upon by a Judge of the Superior Court, such exceptions cannot be reheard by another Judge of that Court. The matter is *res judicata.*

3. Upon the coming in of a referee's report, defendant filed exceptions, which were overruled, and the case recommitted to the referee. Defendant excepted and appealed, but failed to perfect his appeal. When the second report of the referee was filed, final judgment was rendered against defendant, who appealed again; *Held*, that this Court would review the rulings embraced in the first appeal, more especially as the former appeal would have been held premature, if perfected.

4. The point, that a referee has not found the facts upon which he bases his report, must be taken by a motion to recommit, and not by exception to the report.

5. Five per cent. is the maximum commissions allowed administrators, and if the estate passes through several successive hands, whatever sum, not exceeding that limit, is allowed, should be apportioned among them according to their respective merits, and services rendered.

6. When a money balance is found due from a former administrator to his successor, if the last is allowed commissions on it, the amount so allowed must be deducted from the compensation of his predecessor.

7. A personal representative is entitled to commissions on money raised by a sale of the lands of his decedent, and coming into his hands for administration; also, upon a note or money obligation turned over to the legatees or distributees; but commissions are not usually allowed on slaves, bank stock, and like property, specifically delivered to the parties entitled thereto.

8. The personal representative has nothing to do with the rents of lands belonging to decedent's estate, as between himself and the heirs at law or devisees.

9. A testator bequeathed his personal estate to be equally divided between his seven children, but requiring all of them to account for advancements. One of the legatees died without issue during testator's life ; another legatee had been advanced more than an equal share of the estate left for division; *Held*, that the legatee who had been advanced more than an equal share should not be counted as entitled to any part, nor should the amount advanced to him be taken into the account. From the fund should be deducted the one sixth, which would have been the share of the legatee who died before the testator. The residue should then be divided among the other five legatees. After this, the one sixth, which would have gone to said dead legatee, should have been divided among said five legatees, excluding altogether said legatee who had been advanced.

CIVIL ACTION, heard upon exceptions to the report of a referee, by *MacRae, J.*, at May Term, 1886, of IREDELL Superior Court.

The defendant M. M. Alexander, who was one of the legatees of Adam R. Simonton, appealed.

No counsel for the plaintiff.

Messrs. *D. M. Furches* and *J. B. Batchelor*, for the defendant M. M. Alexander.

SMITH, C. J. Adam R. Simonton died in the year 1863, leaving a will made in 1859, wherein he appoints Joseph F. Alexander executor, who, upon its probate, and his own qualification, entered upon the discharge of his trusts. The executor died intestate in January, 1870, and the defendant J. Harvey Stevenson became his administrator, and in the same year letters of administration *de bonis non* with the will annexed issued to the plaintiff, James H. Scroggs, on the testator's estate. The present proceeding was begun in

the Probate Court of Iredell, against the said Stevenson, as administrator, and the other defendants, devisees and legatees under the will, for an adjustment of the administration made by the deceased executor, and for a general settlement of the testator's estate with the other defendants.

An account was accordingly taken before the Clerk, acting in his capacity of Probate Judge, to which exceptions were entered at March Term, 1875, of the Superior Court, but it was recommitted, and, after taking further testimony, again reported, to which numerous exceptions were again filed. These were heard and passed on by the Judge, and the account again referred for reform and correction, according to his rulings. From this an appeal was taken to the Supreme Court, but it was not prosecuted and perfected, and a subsequent application to that Court to issue a *certiorari*, to bring up the record, was refused. *Scroggs* v. *Alexander*, 88 N. C., 64.

The reformed account was reported by the referee, the Clerk, at May Term, 1886, and came on to be heard before the then presiding Judge, the defendant M. M. Alexander insisting upon his passing upon all her exceptions heretofore ruled upon by the former Judge as still before the Court. The Court held otherwise, and refused to hear them, and rendered judgment confirming the report. In the case, it is stated that, upon making up the appeal, the Judge found an exception, to which he was not advertent during the argument upon the question of his entertaining jurisdiction of the previous series, as adjudicated, and, in consequence, this overlooked exception was not passed upon. From the refusal to hear that series and the judgment confirming the report, the defendant Mary M. appealed.

The exceptions which the Judge refused to *rehear*, because they had been heard and disposed of by a former Judge, are as follows:

1. That the Judge of Probate has not found the facts upon which he bases his report.

2. That he has allowed commissions to J. F. Alexander, executor of A. R. Simonton, and also on the same to plaintiff, as administrator *de bonis non*.

3. That the Judge of Probate has deducted, from the general fund due the legatees, the full amount of advancements made to J. B. Simonton, which exceeds his distributive share in said estate, and instead of dividing the whole distributive share amongst all the legatees except J. B. Simonton's heirs, he has deducted the said advancements of $1,353.33, and also the full amount of the distributive share of the said J. B. Simonton, from the general fund.

4. That it having been shown to the Judge of Probate that J. B. Simonton's advancements exceed his distributive share, and this fact appearing from his report, he should have divided the general fund of $7,772.51 into five equal shares, and to have excluded the distributees of J. B. Simonton from any *pro rata* of said estate.

5. That no legal notice was given when the account would be taken, nor when the report would be delivered, nor when the judgment would be rendered to this exceptant.

6. That he has allowed five per cent. commissions to the plaintiff on land sales aggregating $3,289.56.

7. That the rents paid heretofore for lands belonging to the testator, by this exceptant, should be allowed to the extent of five sixths part thereof to her, it not appearing that she used more than her proportionate part of said estate.

Exceptions of the appellant appear to have been taken after successive reports, and we may misapprehend the record in supposing that the foregoing list contains all that the Judge, upon final hearing, declined to entertain, and his action on which is intended by the appeal to be considered. But, understanding these only to be before us, we proceed to examine them. There was certainly no error in the refusal

to reconsider the rulings of the preceding Judge upon the matters then before him, for they had passed into and become *res adjudicata*, and could only be reconsidered in a direct application to set them aside, reverse or modify. Otherwise there might be inconsistent adjudications upon the same subject-matter in the record. *State* v. *Evans*, 74 N. C., 324; *Mabry* v. *Henry*, 83 N. C., 298.

But it is quite a different question, as to the appellate reviewing jurisdiction of this Court, when error is alleged to have been committed at a previous stage of the proceeding, and exception thereto noted, and the more especially when an appeal then taken would have been deemed premature. *Mitchell* v. *Kilburn*, 74 N. C., 483; *Crawley* v. *Woodfin*, 78 N. C., 4; *McBryde* v. *Patterson*, Ibid., 412, and numerous other cases.

The exceptions there mentioned, notwithstanding the attempted and abandoned appeal, are prosecuted now, and must be examined as far as questions of law are involved, and no further. The first of these exceptions should have been taken, in the form of a motion to recommit for a finding of fact, and this does not appear to have been done, and exception made to a refusal.

2. The second exception is to the allowance of commissions both to the executor and the administrator *de bonis non* of the deceased testator, A. R. Simonton.

The exception is too indefinite in its terms for us to understand precisely its meaning. Undoubtedly, inasmuch as five per centum is the maximum of commissions allowed, if the estate passes through several hands, whatever sum not exceeding that limit is allowed should be apportioned among the representatives according to their respective merits and services rendered. This would usually happen when an uncollected debt passes over to a succeeding representative; but when a money balance is found due from one to another, if the last is allowed commissions, there should be a com-

mensurate reduction in the compensation to be allowed the former; but this balance, in the present case, is a very inconsiderable sum at most, so that little harm comes from its not being heard for vagueness.

3. and 4. The rule involved in these two exceptions is the proper one to apply to the computation and apportionment of the fund. Inasmuch as J. B. Simonton has been advanced largely in excess of his share, he should not be counted as entitled to any part of the fund, nor should the amount of his advancements be taken into the account. This excluded, the division should be confined to the other six, and the fund distributed in that number of parts. This aggregate being reduced by the deduction of the share accruing to the distributees of A. Carlton, the residue will be apportioned in equal parts among the remaining five. The one sixth due said Adeline Carlton will then be in like manner divided among the same five, who are her distributees, and the one fifth added to the other one fifth, excluding altogether the said J. B. Simonton, whose advancements are above both sums united.

5. The fifth exception stands upon the same footing as the first.

6. The Court refused to allow commissions in any amount upon the value of the slaves and bank and railroad stock, but does allow the commissions upon the money received upon the several sales of the land of the deceased; and as a money fund, thus raised and coming into the plaintiff's hands for administration, we see no just objection to an allowance, or to the sum allowed. Property specifically delivered over in the course of distribution, as in this case of slaves and stock, is usually not burdened with such a charge, and yet a note or money obligation may be as a receipt, and so it is decided in *Shepard* v. *Parker*, 13 Ired., 103.

7. We do not see that rents or, the value of the use of the lands previous to the sale, enter into the account, nor should

they, for that is a matter to be settled among the owners and occupants, with which the plaintiff has nothing to do.

The exception not considered at the trial is not before us, since there must have been a ruling upon it to give us an appellate jurisdiction. While, therefore, we are not at liberty to give an authoritative opinion on the subject-matter, it is not out of place to say, that the basis upon which all the charges for advances are made, that is, to compute interest after two years from the issue of letters testamentary, as upon all the debts due the testator, seems to us to be eminently fair and reasonable. There is no error in the ruling; but the cause must be left in the Court below, to the end that the last exception of the appellant may be disposed of, and if ruled adversely to her, she may, if so advised, appeal and have that ruling authoritatively revised and decided.

No error.         . Affirmed.