J. H. SCROGGS, Adm'r of A. R. SIMONTON, v. MARY M. ALEX-
ANDER and J. H. McELWEE.

*Judgment, Amendment of—Practice.*

Where, in an action brought on a note given, with a surety, by a dis-
tributee of an estate to the administrator, it was adjudged that
the administrator recover the amount of the note, but that no
execution issue until the Clerk should determine the amount of
the distributive share of the principal debtor in the estate on the
final accounts of the same, and such amount should be credited
before issuing of execution: *Held*, that it was competent for the
Court, at a subsequent term, upon a report of the Clerk, in this
action. that nothing was due on the distributive share, and there
being no exception, to modify the judgment and order execution
to issue, notwithstanding that in proceedings by the administra-
tor against the distributees for a final settlement, in which there
was a report of the Clerk that nothing was due on said distribu-
tive share, and an appeal from a judgment confirming the report.

This is an APPEAL, by defendant, from a judgment of
*MacRae, J.,* rendered at May Term, 1886, of the Superior
Court of IREDELL County, modifying judgments, theretofore
rendered, and authorizing execution to issue.

The facts sufficiently appear in the opinion.

*Mr. W. M. Robbins,* for the plaintiff.
*Messrs. Batchelor & Devereux,* for the defendants.

DAVIS, J.   The complaint alleged that on the 31st day of
March, 1873, the defendants executed a note, under seal, for
the sum of $1,297, payable to the plaintiff, as administrator
with the will annexed of A. R. Simonton, deceased, and that
the same had not been paid, and judgment was demanded
therefor.

The answer, so far as material to the question before us,
stated that the defendant M. M. Alexander was one of the

distributees of A. R. Simonton; that all his debts had been paid, and that her share in his estate would amount to more than the sum due on the note declared on, and asked judgment, that the note be paid over to her in satisfaction of her distributive share in the estate of the deceased, and that the plaintiff be enjoined from collecting it.

There was a reply admitting " that the defendant M. M. Alexander is one of the legatees under the will of A. R. Simonton, but denying that all the debts of the deceased had been paid, or that the defendants' interest in the estate would amount to as much as is due on the note, or to any considerable portion thereof.

At January Special Term, 1884, judgment was rendered in favor of the plaintiff for $2,136.80, with the further judgment, " that no execution issue upon this judgment until the Clerk of this Court shall ascertain and declare the amount of the distributive share of said Mary M. Alexander in the estate of A. R. Simonton, deceased, on final accounts of the same, and that the judgment shall be subject to a credit, before execution issues, with the amount (if any) of said distributive share."

At Spring Term, 1884, upon the suggestion of the defendants and admission of the plaintiff, that a credit had been omitted, the judgment was corrected by substituting the sum of $1,547.65 for the sum of $2,136.80, and confirmed in all other respects

At May Term, 1886, the judgment appealed from was rendered, so modifying the previous judgment as to authorize execution to issue.

The case states, among other things, " that it appears to the Court, by the report of J. B. Connelly, Clerk of this Court and referee in the case of J. H. Scroggs, Administrator, &c., of A. R. Simonton *v.* Mary M. Alexander and others, * * * that M. M. Alexander has been paid in excess of her share of A. R. Simonton's estate the sum of $211.53."

It further appears that the report of the referee referred to was made in proceedings instituted for a final account and settlement of the estate of A. R. Simonton, and that it was confirmed at the same term at which the judgment in this case was rendered, and that an appeal was taken to this Court from the judgment confirming it.

The account of the administrator, stated by the Clerk, is filed as an "exhibit" in this action, and from that account it appears that there is nothing from the "distributive share" of M. M. Alexander to be credited on the judgment in favor of the plaintiff against her; and that appearing to the Court, it properly authorized execution to issue.

But it is insisted by counsel for the defendant, that there was an appeal from the judgment confirming the report of the referee in the case of Scroggs, Administrator, &c., *v.* Mary M. Alexander and others, and that his Honor erred in authorizing execution to issue in this case before the appeal in that was determined. It is sufficient to say that "the amount of the distributive share of said Mary M. Alexander in the estate of said A. R. Simonton, deceased," was ascertained and declared *in this action* upon the report of the Clerk, and there was no exception taken thereto. The fact that the report of the referee in the case of Scroggs, Administrator, &c., *v.* Mary M. Alexander and others, though the same as that upon which the action of the Court in this case was based, was appealed from (upon what grounds this case does not disclose), cannot be considered by us in this appeal, though it may not be improper to say that the judgment of the Court below was affirmed in that, as it must be in this case. See *Scroggs* v. *Stevenson* (Alexander), 100 N. C., 354.

No error.                                        Affirmed.