OLSON, Respondent, v. ADVANCE RUMELY THRESHER
COMPANY, Appellant.

(178 N. W. 141.)

(File No. 4681.   Opinion filed May 24, 1920).

1.  **Judgments—Vacating Default—Counsel's Negligence Imputable
    to Client—Second Motion re After Appeal—No New Showing,
    Refusal to Reopen.**

    After appeal to Supreme Court from an order refusing to
    vacate a default judgment on ground of excusable negligence
    of defendant's counsel, which appeal was unavailing; on appeal
    from a second order refusing to vacate, held, that, the show-
    ing on present appeal, former rule to effect that negligence
    of counsel was imputable to his client, in absence of showing
    that defendant itself was not negligent, adhered to.

2.  **Motion—New Affidavit on Second Motion re Non-negligence of
    Party, Without Attacking Former Order or Requesting Re-
    newal of Application—Facts Known on Former Hearing,
    Whether New Matter, Effect re Second Motion.**

    After unavailing appeal from an order refusing to vacate
    a default judgment on ground of excusable negligence of coun-
    sel, new affidavits were presented on the second motion tending
    to show defendant corporation itself not guilty of negligence in
    preparing for trial, but that its officers, etc., awaited attorney's
    instructions not given; moving party not having sought to
    vacate court's former order nor requested permission to renew
    former application, and second showing not founded on facts
    unknown at time of former application, defendant's contention
    that facts not disclosed on first motion are new matter, and
    that therefore leave to make second motion is required, is
    untenable; record showing that alleged new facts were within
    knowledge of defendant's officers, agents and counsel at time
    of first motion.

3.  **Same—Second Motion to Vacate, Or to Renew Denied Motion
    on New Facts or Showing re Fraud, Whether Matter of Right
    Without Leave.**

    The rule is that a second motion to vacate an order granted,
    or to renew denied motion, based on facts subsequently arising,
    or on ground that former order was obtained by fraud or col-
    lusion, may be made as a matter of right without leave of
    court.

4.  **Same—Default Judgment—Renewal of Denied Motion, Conditions
    Re Leave or On New Facts—Rule—New Motion, Relation of
    to Old—New Matter Defined.**

A motion to open default judgment once denied, cannot be renewed unless (a) with leave of judge who denied it, or, (b) if made on presentation of new facts occurring since denial of previous motion; in which cases renewal may be made as matter of right; the new motion being same as the old, if relief demanded is the same; and it is not made on new facts merely because made on new papers seeking to cure counsel's carelessness in preparing previous motion papers, or to obviate risks (he was willing to take on previous motion) of omitting to present then existing facts for consideration and court's attention. The "new matter," alone justifying renewal of motion without leave, must have happened or for first time come to moving party's knowledge since decision of former motion.

5.   Same—First Order Refusing to Open Default, Whether Res Judicta re Second Motion—Issue Once Determined by Appealable Order, Conclusive re Action or Motion.

The rule laid down in Webber v. Tschetter, 1 S. D. 205, to effect that where issue of fact is formally presented for court's determination, and respective evidences duly considered and determined by appealable order, the decision is conclusive and final regardless of whether issue is presented by action or motion, is adhered to.

6.   Same—Previous Motion Involving Discretion re Practice, Not Facts, Whether Res Judicata re Excusable Negligence—Right to Renew Motion on Leave re Negligence.

The first motion to open default in case at bar (42 S. D. 332, 175 N. W. 192,) involved no question of fact material to cause of action or defense, but merely one of practice appealing to trial court's discretion, the decision on that motion was not res judicata of matters tending to excuse the default, which latter issue is presentable on second motion on leave granted.

7.   Same—Second Motion Heard on Order Show Cause, Whether Order Giving Permission to Present Second Motion.

Where, after appeal from a preceding order refusing to open a default judgment, a second motion to vacate was heard upon an order to show cause made by trial court, the granting of the order to show cause in effect gave permission to present the second motion.

8.   Same—Second Order Involving Party's Negligence on Ground of Appellate Confirmation of First Order re Attorney's Negligence, Without Qualification or Leave to Renew, As Being Res Judicata, Whether Error—Rightful Order Show Cause re Second Motion, Error in Non-consideration of Merits.

Where, after Supreme Court had affirmed trial court's order refusing to vacate default judgment on ground of excusable

negligence of defendant's attorney, a second motion to vacate, on ground of non-negligence of defendant itself, was denied, **held,** the second order having been made, not on grounds of insufficiency of the showing but because first order, having been appealed from and sustained without qualification or leave to renew or present another motion, all matters involved had become res judicata, such second order was erroneous; this although the showing on second motion was not of new matter unknown to defendant at time of first application; trial court having discretionary power to entertain second application based on substantially different showing. Therefore **held,** that trial court, while rightfully exercising discretion when granting order to show cause on which second application was made, erred in failing to pass upon merits of second application; and that court should hear the motion as though leave had been granted.

Appeal from Circuit Court, Charles Mix County. HON. ROBERT B. TRIPP, Judge.

Action by Jacob Olson, against The Advance Rumely Thresher Company, a corporation. On second appeal from order refusing to vacate default judgment. Order reversel, with directions.

For former appeal, see 42 S. D., 332, 175 N. W. 192.

*Parliman & Parliman,* for Appellant.

P. A. Hosford, for Respondent.

(4)  To point four of the opinion, Appellant cited: Fisk v. Hicks, (S. D.) 137 N. W. 424; Western Surety Company v. Boettcher, (S. D.) 156, N. W. 69; Sec. 2378, Rev. Code 1919.

Respondent cited: Adam v. Lockwood Co. 2 Pac. 626; Jeansch v. Lewis 48 N. W. 128, 1 S. D. 609; Fisk v. Hicks 137 N. W. 424, 29 S. D. 399; Carlson v. Carlson, 49 Minn., 555, 52 N. W., 214.

(5)  To point five, Respondent cited: Ford v. Doyle 44 Cali. 635.

(6)  To point six, Appellant cited: Western Surety Company v. Boettcher, (S. D.) 156 N. W. 69; Secs. 2101, 2378, Rev. Code 1919.

Respondent cited: Halverson v. Orinoco M. Co. (Minn.) 95 N. W., 320.

(7)  To point seven, Appellant cited: Clopton v. Clopton, (N. D.) 88 N. W. 564.

SMITH, J. [1] This is a second appeal by this defendant in an attempt to secure the vacation of a default judgment. The decision on the first appeal is reported in 175 N. W. 192. The former motion was based solely upon an affidavit of appellant's attorney, which was held insufficient to excuse his negligence. The contents of that affidavit are set out in the reported case. His affidavit upon the present appeal embodies substantially the same facts. The circumstances out of which the default arose were considered in our former decision, and no new or additional facts are disclosed on this appeal which change our views as to the insufficiency of the showing to excuse the negligence of appellant's counsel. In our former decision we held that the negligence of counsel was imputable to his client, at least in the absence of a showing that the defendant was not negligent. We said:

"There are a few courts, prominent among which is the North Carolina court, which have at times refused to impute mere negligence of the attorney to his client. We think, however, no case can be found where a court has so ruled, except where the client has been shown to have been free of negligence; and the burden is certainly upon the party seeking relief from the results of his attorney's negligence to show that he himself has not been negligent. * * * It follows, therefore, that defendant has not made such a showing as to justify this court in refusing to hold it liable for the negligence of its counsel."

[2] Upon the second application defendant presented to the trial court new affidavits tending to show that the defendant itself was not guilty of negligence in making preparation for the trial, but that its officers, agents, and witnesses merely awaited instructions from its attorney, which were never given, as to the time and place when they should appear for trial. Appellant did not ask the trial court to vacate its former order, nor did it request an order permitting it to renew its former application nor was the second motion founded upon additional facts not known to it at the time of the former application. Appellant contends that facts not disclosed on the first motion are new matter, and for that reason no leave to make a second motion is required. It conclusively appears from the record that every fact not dis-

closed upon the hearing of the former motion, but presented upon the second motion, was within the knowledge of defendant's officers and agents, and of its counsel, at the time the first motion was made.

[3, 4] The rule is that a second motion to vacate an order granted, or to renew a motion denied, based upon facts subsequently arising, or upon the ground that the former order was obtained by fraud or collusion, may be made as a matter of right without leave of court. Burns v. McAdoo, 113 App. Div. 165, 99 N. Y. Supp. 51; Haskell v. Moran, 117 App. Div. 251, 102 N. Y. Supp. 388; Goldenberg v. Adler, 123 N. Y. Supp. 387; Carlson v. Carlson, 49 Minn. 555, 52 N. W. 214. A motion to open a default judgment once denied by a judge cannot be renewed unless (a) with leave of the judge who denied it; or (b) if made upon presentation of new facts which have occurred since the denial of the previous motion, in which case the renewal may be made as a matter of right. Riggs v. Pursell, 74 N. Y. 370. The new motion is the same as the old motion, if the relief demanded is the same; and it is not made upon new facts merely because made on new papers by which counsel seeks to cure his carelessness in preparing the papers on the previous motion, or to obviate the risk (which he was willing to take on the previous motion) of omitting to present then existing facts or considerations to the attention of the court. Haskell v. Moran, supra. The "new matter" which will alone justify the renewal of a motion, without leave, must be something which has happened, or for the first time come to the knowledge of the party moving, since the decision of the former motion. Willet v. Fayerweather, 1 Barb. (N. Y.) 72.

Appellant is in error in its contention that the additional affidavits presented upon its second application disclose new matter within the rule. None of such facts arose subsequently to the first motion, and all of them were within the knowledge of appellant and its counsel prior to and at the time the first motion was presented. Manifestly the appellant could not present a second motion to open the default as a matter of right.

[5] Respondent contends, and the trial court seemed to be of the view (from authorities cited in his order), that the first

order was res judicata of all matters involved in the second motion. In Weber v. Tschettter, 1 S. D. 205, 46 N. W. 201, the distinction is noted between orders made upon motions after a full hearing, upon facts involving a substantial right, which might have been determined upon issues raised by the pleadings, and those motions which pertain merely to matters of practice and involve an exercise of discretion by the trial court. In that case, one of the defendants sought relief from a default judgment upon two grounds: First, that he was not a member of the firm against which the judgment was rendered; and, second, that process had never been served upon him. The questions of fact presented by the motion were fully heard and determined upon affidavits and decided adversely to the defendant. Shortly thereafter said defendant presented to the trial court a second motion to set aside the same default, which was heard upon substantially the same evidence. No objection was raised at the hearing as to the right to make the second motion without leave of court, or that the affidavits used did not present new matter; plaintiff's only contention being that the decision upon the first motion was res judicata, because founded upon the same state of facts. The trial court ruled that the decision on the first motion as to service of summons was res judicata, but that the question urged upon the second motion, viz. whether the default judgment should be vacated because taken against him through mistake, inadvertence, surprise, or excusable neglect, was not res judicata, and granted an order vacating the default judgment, from which order plaintiff appealed. This court (affirming the trial court) said:

"We think that, where an issue of fact is distinctly and formally presented to the court for detetrmination as a means of fixing the legal rights of the parties, the supporting evidence of both sides duly considered, and from which determination either party may appeal, the decision of the court upon such issue ought to be held conclusive and final, without regard to the form in which such issue is presented—whether by action or motion; the important matter being that the issue be well defined, so as to preclude doubt as to what question was before the court, that it be fully heard and litigated, each side having an opportunity to be heard, and that the court should judicially pass upon

and decide it (citing Wilson County v. McIntosh, 30 Kan. 234, 1 Pac. 572.) * * * We regard this question of service as conclusively settled by the decision of the first motion, and the second motion, which is the subject of this appeal, must be considered and disposed of upon that theory. The second motion was an application addressed to the discretion of the court, that the said judgment as to defendant Wipf, and all subsequent proceedings, be vacated, and he let in to defend, under the provisions of section 4939, Compiled Laws."

[6] The distinction thus made is referred to in Fisk v. Hicks, 29 S. D. 399, and is quite fully discussed in the notes to that case in Ann. Cas. 1914D, 974, where it is said:

"The rule now generally accepted is that if a motion involves a substantial right, and a full hearing is accorded thereon, and the order made on such motion is appealable, such order is a final adjudication of all matters involved in the motion"—citing numerous cases.

We are of the view that the first motion in this case did not involve any question of fact material to the cause of action or defense, but merely a question of practice appealing to the discretion of the trial court, and that the decision upon that motion was not res judicata of matters tending to excuse the default, and that such matters might be again considered upon a second motion upon leave granted by the trial court, subject, however, to the limitation hereinafter noted. Nearly 30 years ago, this court following the New York authorities, ruled that:

"A motion once heard and decided by a court cannot be renewed in the same court without leave of the court." Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128.

[7] The cases of Fisk v. Hicks, 29 S. D. 399, 137 N. W. 424, Ann. Cas. 1914D, 971, and Western Surety Co. v. Boettcher 36 S. D. 583, 156 N. W. 69, cited by appellant, support rather than qualify the rule announced in the Jeansch Case. In both cases leave was asked and was expressly granted by the trial court.

The second motion in this case was heard upon an order to show cause made by the trial court, and appellant now contends that the granting of that order is in itself permission to present the second motion—citing Clopton v. Clopton, 10 N. D. 569,

88 N. W. 564, 88 Am. St. Rep. 749, Harris v. Brown, 93 N. Y. 390, and Jensen v. Barbour, 12 Mont. 566, 31 Pac. 592. An examination of the Jensen Case discloses that the court expressly granted leave to renew the motion. The decision in the Clopton Case rests upon Harris v. Brown, supra. In the Harris Case appellant moved the court to vacate an order of arrest, which motion was denied by the trial court. Thereafter, without express leave of court, he made a second motion, by order to show cause, to vacate the same order of arrest, which was denied. He thereafter appealed from the first order. Respondent moved to dismiss the appeal on the ground that the second motion was a waiver of the right to appeal from the first order. Appellant contended that his right of appeal had not been waived, for the reason that his second motion was made without leave of court. Appellant thus sought to avail himself of his own failure to obtain leave to renew his former motion. The Court of Appeals held that the procedings upon the second motion were in effect a request for and leave granted to present the second motion, and that appellant's right to appeal from the order granted on the first motion was waived. Upon the authority of this case. It was held in Goldenberg v. Adler, 123 N. Y. Supp. 387, that—

"When such a motion is renewed at the same term, before the same judge, and entertained by him, it is regarded as having been made upon his implied leave."

We are of the view that by granting the order to show cause the trial court in this case consented to entertain the second application.

[8] But it appears from the recitals in the order denying the relief sought that the trial court based its rulings not upon the insufficiency of the showing made by defendant, but upon the ground that, its first order having been appealed from and sustained by this court without qualification or leave to renew or present another motion, all matters involved had become res judicata. In this the trial court erred. If the second application had been based upon the same showing as the former, the decision of this court would have taken from the trial court all power to grant the relief sought, as to grant such relief would be in effect to reverse this court; but there was an additional showing upon

the second application—an evident attempt to show that the defendant itself was so free from negligence that the negligence of its counsel should not be imputed to it. While, as hereinbefore stated, this additional showing is not of new matter unknown to defendant at the time of the first application, and while, therefore, defendant has no absolute right to have its second application received, we are of the opinion that the appeal from the order made on the former application did not take from the trial court its discretionary power to entertain the second application based upon a substantially different showing than that heretofore considered by this court.

It follows that the trial court was within the rightful exercise of the discretion in it vested when it granted the order to show cause and thereby consented to entertain the second application, but that it erred when it failed to pass upon the merits of the application, and the order is reversed, with directions to the trial court to hear the motion upon such grounds, as though leave had been granted.