EAST COAST FERTILIZER COMPANY, INC., v. NORMAN F. HARDEE.

(Filed 16 December, 1936.)

1. **Reference § 4a—Where judgment on report expressly reserves cause for jury trial on issue of fraud, and is unexcepted to, the provision for jury trial may not be disregarded by another judge of Superior Court.**

    This cause involving plaintiff's claim for goods sold on consignment and defendant's alleged conversion of the proceeds was referred to a referee by consent. Upon the filing of the report by the referee, judgment was entered for plaintiff for a stipulated sum in accord with the report, and the cause was expressly retained for jury trial upon the issue of fraud raised by the pleadings. No exception was entered to this judgment and no appeal taken. At a subsequent term, plaintiff's motion for a jury trial was refused on the ground that the consent reference waived the right to have any of the matters tried by jury. *Held:* The judge of the Superior Court at the later term was without authority to disregard the express provision of the judgment entered at the prior term that the cause be retained for jury trial on the issue of fraud, there being no exception to the judgment or appeal therefrom, and the judgment being *res judicata* as to the matters therein determined.

2. **Courts § 3—One Superior Court judge may not review judgment of another.**

    A judge holding a succeeding term of the Superior Court has no power to review or disregard a judgment affecting substantial rights entered at a former term by another judge upon the ground that such judgment is erroneous, since a judgment may be reviewed for error only upon appeal to the Supreme Court upon exceptions duly noted.

APPEAL by plaintiff from *Parker, J.,* at April Term, 1936, of NEW HANOVER.

The action was instituted to recover balance due for commercial fertilizers sold on consignment, alleging fraudulent conversion of the proceeds.

By consent, the cause was referred to Kenneth O. Burgwin "to hear the testimony of all the parties, to render an accounting, and to report his findings of fact and conclusions of law to the court."

The referee duly reported his findings of fact and conclusions of law, in which he found that defendant was indebted to the plaintiff in the sum of $907.58, and concluded that plaintiff was entitled to judgment therefor. No exceptions to said report were filed by either party.

At May Term, 1935, of said court, Frizzelle, J., entered judgment in favor of the plaintiff and against the defendant in accord with said report, and added, as a part of said judgment, the following: "It is further ordered and adjudged that the issue of fraud arising on the pleadings be and same is hereby retained on the civil issue docket to be submitted to a jury at a subsequent term of the Superior Court of New Hanover County, and this cause is retained for further orders."

No exception was made to the judgment of Judge Frizzelle and no appeal was taken therefrom. Counsel for defendant was not present when the judgment was signed, though notified the cause was on the calendar for judgment.

At April Term, 1936, Judge Parker presiding, plaintiff moved for trial by jury of the issue of fraud, and the defendant objected. Thereupon, the court, after setting out the facts in full, entered the following order:

"The court being of the opinion that a reference of a cause made by consent is a waiver of the right of trial by jury, and neither party can afterwards demand a jury trial as a matter of right, nor has the judge the power, at his discretion and against the will of either party, to set aside or discontinue an order of reference entered by the written consent of the parties, the motion of the plaintiff is hereby denied."

The plaintiff excepted to this order and appealed to this Court.

*E. K. Bryan and Hackler & Allen for plaintiff, appellant.*
*S. H. Newberry and J. Frank Wooten for defendant, appellee.*

DEVIN, J. The only question presented by this appeal is the validity of the order of Judge Parker denying plaintiff's motion for jury trial upon an issue in the cause, which, by the judgment of Judge Frizzelle, had been ordered retained on the civil issue docket for that purpose.

While the reference ordered by Frizzelle, J., in the first instance, was by consent, it may be open to debate whether the order to the referee to "hear the testimony, render an accounting, and report his findings" contemplated the consideration and decision by him of the issue of fraudulent conversion raised by the pleadings. But, however that may be, the judgment of Judge Frizzelle, at April Term, 1935, confirming

the report of the referee, definitely ordered that the issue of fraud arising on the pleadings be retained on the civil issue docket for jury trial at a subsequent term; and, even if this portion of the judgment was erroneous, no exception was noted thereto nor appeal taken. The judgment was not void. It could not be treated as a nullity. It could not be set aside as erroneous at a subsequent term by another judge.

In *Edwards v. Perry*, 206 N. C., 474, a similar question was so decided by this Court. In that case there was an order of reference by consent. At a later term an order was made by Judge Harris, by consent, that certain issues be submitted to a jury. Subsequently, at another term, by order of Judge Barnhill, then presiding, the order of Judge Harris was disregarded on the ground that a jury trial was not in order, as the original reference was by consent and both parties had waived their rights to a jury trial. This was held to be error.

The decision in *Edwards v. Perry, supra,* is determinative of the question here. It is well settled that a decision of one judge of the Superior Court is not reviewable by another judge. Since the power of one judge is equal to and coördinate with that of another, a judge holding a succeeding term of the Superior Court has no power to review or disregard a judgment rendered at a former term affecting substantial rights upon the ground that such judgment is erroneous. *Wellons v. Lassiter,* 200 N. C., 474; *Caldwell v. Caldwell,* 189 N. C., 805; *Dockery v. Fairbanks,* 172 N. C., 529; *Bland v. Faulkner,* 194 N. C., 427; *Rutherford College v. Payne,* 209 N. C., 792.

A judgment of the Superior Court, rendered in term by the judge, can be reviewed for error only upon appeal to the Supreme Court upon exceptions duly noted. *S. v. Lea,* 203 N. C., 316; *Power Co. v. Peacock,* 197 N. C., 735; *Phillips v. Ray,* 190 N. C., 152; *Live Stock Co. v. Atkinson,* 189 N. C., 250; *May v. Lumber Co.,* 119 N. C., 96; *Roulhac v. Brown,* 87 N. C., 1.

The judgment of Judge Frizzelle at April Term, 1935, not having been excepted to or appealed from, became *res judicata.* To sustain the order of Judge Parker at April Term, 1936, would result in inconsistent adjudications on the same subject matter, which this Court has consistently sought to prevent by the enforcement of the rule herein stated. *S. v. Evans,* 74 N. C., 324; *Wilson v. Lineberger,* 82 N. C., 412; *Scroggs v. Stevenson,* 100 N. C., 354; *Cobb v. Rhea,* 137 N. C., 295; *Broadhurst v. Drainage Comrs.,* 195 N. C., 439; *Power Co. v. Peacock, supra; Revis v. Ramsey,* 202 N. C., 815; *Myers v. Causeway Co.,* 204 N. C., 260.

We conclude that the learned judge was in error in denying plaintiff's motion for trial by jury of the issue of fraud arising on the pleadings, as required by the judgment in the cause rendered at a previous term of the court.

Reversed.