J. C. COX v. MYRTLE F. COX.

(Filed 25 February, 1942.)

**1. Judgments § 22b—**

The procedure to attack a judgment on the ground of extrinsic fraud is by independent action, and the proper procedure to attack a judgment on the ground that it is irregular is by motion in the cause.

**2. Insane Persons § 14—**

An insane person who has no general or testamentary guardian must defend by guardian *ad litem* appointed by the court, C. S., 451, and the provisions of the statute are mandatory and must be strictly observed.

**3. Same: Judgments § 22g: Divorce § 20—Allegations held sufficient to support attack of judgment against incompetent for irregularity.**

A decree of absolute divorce on the ground of two years separation was entered. Thereafter defendant made a motion in the cause to set aside the decree upon allegations that defendant was insane at the time the decree was entered and had been insane for some time prior thereto, and that no guardian *ad litem* was appointed to represent her. *Held:* The facts alleged are sufficient predicate for attack of the decree for irregularity, and therefore motion in the cause was the proper remedy, and the fact that the motion contained further allegations constituting a basis for attacking the decree for extrinsic fraud does not preclude defendant from following this procedure.

Cox *v.* Cox.

**4. Judgments § 32—**

> Ordinarily, the doctrine of *res judicata* will not apply where the judgment is rendered on any grounds which do not involve the merits.

**5. Same: Judgments § 22e—**

> The refusal of a motion to set aside a judgment because movant failed to allege a meritorious defense is not *res judicata* and will not bar a subsequent motion to set aside upon allegations disclosing a meritorious defense.

APPEAL by plaintiff from *Harris, J.,* in Raleigh, N. C., 26 September, 1941. From NASH. Affirmed.

At September Term, 1938, of Nash Superior Court, the plaintiff obtained a divorce, *a vinculo,* from the defendant on the ground of two years separation. Michie's N. C. Code, 1659 (a).

Subsequently, on 3 July, 1939, the attorney of the defendant filed a motion to set the decree aside, alleging that at the time the action for divorce was instituted and service of summons made upon the defendant she was insane, a fact well known to the plaintiff, and that she was not represented by a next friend or guardian *ad litem,* as required by law.

This motion came on to be heard before Judge Walter J. Bone at chambers in Nashville, 26 October, 1939, and was dismissed because of failure to allege that movant had a meritorious defense.

A next friend was appointed to represent the defendant in further proceedings, and a new motion was made to set aside the judgment, based on fraud and imposition on the court by the plaintiff in procuring the decree, well knowing that his wife was then insane and had been for some time, and further setting up the fact of her insanity and failure to have appointed any guardian *ad litem* to represent her in the proceeding. This motion alleges and presents facts which, if true, would constitute a meritorious defense.

The motion was heard before Harris, J., at September, 1941, Term of Nash Superior Court.

In addition to resisting the motion on the merits, the plaintiff pleaded that the matter in controversy on the motion had been judicially determined against the defendant by the order of Judge Bone dismissing the first motion, and had become *res judicata.* Numerous affidavits were introduced upon the hearing and much evidence taken. By consent of parties further hearing was had at Raleigh, Wake County, and judgment there signed and transmitted to Nash County.

After finding certain facts relative to the alleged insanity of the wife at the time the suit was instituted, and relating to the merits of the defense, Judge Harris rendered his judgment setting aside the decree of divorce, and the plaintiff appealed.

*I. T. Valentine and Battle, Winslow & Merrell for plaintiff, appellant.*
*T. T. Thorne and Norman Gold for defendant, appellee.*

SEAWELL, J. The defendant cannot, by motion in the cause, attack the decree of divorce for the extrinsic fraud alleged to have been practiced on the jurisdiction of the court. For that he must resort to an independent action. *Horne v. Edwards,* 215 N. C., 622, 3 S. E. (2d), 1; *Woodruff v. Woodruff,* 215 N. C., 685, 3 S. E. (2d), 5. But this is immaterial since motion in the cause is the proper remedy against an irregular judgment, and the facts alleged are sufficient to warrant consideration of the judgment assailed in that aspect.

Our procedure requires certain means of protection to be afforded a person, *non sui juris,* or *non compos mentis,* when called to answer in court. C. S. 451, 483 (3). Some of them relate to service of process, and nonobservance may result in a void judgment; others relate to the protection to be afforded them by representation in the proceeding, and nonobservance may result in a judgment either void or merely irregular.

C. S., 451, requires that an insane person, having no general or testamentary guardian, shall defend by guardian *ad litem* and authorizes the court to appoint such guardian. It is said by the courts that the provisions of this statute should be strictly observed. *Ward v. Lowndes,* 96 N. C., 367, 2 S. E., 591. In *Moore v. Gidney,* 75 N. C., 34, 38, the provisions are said to be mandatory, and not directory only. "Those who venture to act in defiance of them must take the risk of their action being declared void or set aside."

In the present case service of summons was made on the defendant, the present movant. Applicable to the legal situation thus produced, *Justice Adams,* in writing the opinion of the Court in *Hood, Comr. of Banks, v. Holding,* 205 N. C., 451, 455, 171 S. E., 633, says: "The rule is substantially uniform that a judgment against an insane person not previously declared insane is not void but voidable," and "in such an instance relief may be administered when sought as between the parties by motion in the cause, or by an independent action." *Odom v. Riddick,* 104 N. C., 515, 10 S. E., 609; *Craddock v. Brinkley,* 177 N. C., 125, 98 S. E., 280; *Bank v. Duke,* 187 N. C., 386, 122 S. E., 1; *Clark v. Homes,* 189 N. C., 703, 128 S. E., 20; *Wadford v. Gillette,* 193 N. C., 413, 137 S. E., 314.

The former dismissal of a somewhat similar motion by Judge Bone cannot be relied upon by the plaintiff as constituting *res judicata.* Generally the doctrine of *res judicata* will not apply where the judgment is rendered on any grounds which do not involve the merits. 30 Am. Jur., Judgments, sec. 208. The first motion was dismissed for the reason that it contained no allegation that movant had a meritorious defense. *Duffer*

v. Brunson, 188 N. C., 789, 125 S. E., 619; Harris v. Bennett, 160 N. C., 339, 76 S. E., 217. There is no reason why this should estop defendant from making a second motion free from such technical defect. In the present motion there was an allegation respecting a meritorious defense stated with much particularity and sufficient, if found true, to support the allegation.

We think upon the record, the evidence and the findings of fact made by the trial judge, his judgment setting aside the decree of divorce should be sustained.

Affirmed.