WILLIAM W. MOORE v. W O O W, INC.

(Filed 23 September, 1959.)

**1. Courts § 9:  Judgments §§ 27a, 32a—**

The fact that a motion to set aside a default judgment is denied for want of evidence of a meritorious defense is not *res judicata* and does not preclude a subsequent motion to set aside the default judgment on the same ground when on the second motion movant introduces evidence of a meritorious defense which evidence was not available at the time of the hearing on the prior motion.

Moore v. W O O W, Inc.

**2. Judgments § 27a—**

On a motion to set aside a default judgment for excusable neglect, the neglect of the attorney will not ordinarily be imputed to the client who is without fault.

**3. Same—**

A judgment by default final is properly set aside upon findings of excusable neglect and a meritorious defense.

Higgins, J., not sitting.

Moore, J., concurring in result.

Bobbitt and Rodman, J.J., concur in concurring opinion.

Appeal by plaintiff from Paul, Resident Judge of the Second Judicial District, in chambers at Washington on 3 July 1959. Beaufort.

Appeal by plaintiff from an order setting aside a judgment by default final.

On 24 January 1959 plaintiff instituted a civil action to recover for the alleged breach of an alleged express contract to pay absolutely a sum of money fixed by the terms of the alleged contract, and further to recover a FM Tuner and FM Booster. On the same day the summons and a verified copy of the complaint were served on defendant.

On 24 February 1959, after the time for answering had expired, and no answer or other pleading having been filed by defendant, and no extension of time to plead having been granted, the Clerk of the Superior Court of Beaufort County, on plaintiff's motion, entered a judgment by default final against defendant in the sum of $2,000.00.

On 25 February 1959 defendant made a motion, pursuant to G.S. 1-220, to set aside the judgment by default final upon the alleged ground that it was taken against it through its excusable neglect, and that it had a meritorious defense.

This motion was heard by Hall, J., at the March Special Civil Term 1959 of Beaufort County Superior Court. Judge Hall's findings of fact are in substance: Defendant within a day or two after service of process upon it employed S. M. Blount, a reputable member of the Beaufort County Bar and of many years practice there, to represent it in the defense of the action. Walter J. Stiles, an officer and manager of defendant, told Blount he had been called to New Mexico on business, and Blount advised him to go, telling him that he would get an extension of time to answer. Within the time to answer, Stiles on different occasions contacted Blount concerning the defense of the action, and furnished Blount various letters, documents and written memoranda to be used in defense of the action. Blount by error and mistake miscalculated the time to answer, concluding that it expired

MOORE v. W O O W, INC.

on 26 February 1959 rather than on 23 February 1959. Judge Hall further found facts from the evidence offered before him as to an alleged meritorious defense. Judge Hall made conclusions of law that while defendant's evidence was sufficient to show excusable neglect, it was insufficient to show that defendant has a valid, meritorious defense to the action. Therefore, he denied the motion. Defendant appealed to the Supreme Court.

Defendant abandoned this appeal, and on 4 April 1959 made a similar motion before Paul, Resident Judge, in chambers to vacate the judgment by default final. In support of this motion defendant filed affidavits by Walter J. Stiles and S. M. Blount, in addition to the affidavits presented at the hearing before Judge Hall. Judge Paul considered the motion on 4 and 30 April 1959, and entered an order on 3 July 1959. Judge Paul in his order found that the identical affidavits in respect to the negligence of Blount offered in evidence before Judge Hall were offered in evidence before him, and that Judge Hall's findings of fact one through eight in respect to defendant's excusable neglect were binding on him, and he adopted and found as facts Judge Hall's findings of fact one through eight. Judge Paul further found as a fact from the affidavit of Stiles and from the new affidavit of Blount that defendant could not procure Stiles' affidavit for the hearing before Judge Hall, due to Stiles' absence in New Mexico, and he found facts from Stiles' affidavit to the effect that defendant had a meritorious defense to the action. Judge Paul made conclusions of law from the facts found that the judgment by default final was taken against defendant through its excusable neglect and that it had a meritorious defense to the action. Whereupon, Judge Paul vacated and set aside the judgment by default final, and allowed defendant 30 days from the date of the order to answer or otherwise plead.

From Judge Paul's order, plaintiff appeals.

*Wilkinson & Ward for plaintiff, appellant.*
*Rodman & Rodman and S. M. Blount for defendant, appellee.*

PARKER, J. The question for decision is: Did Judge Paul within one year from the date of entry of the judgment by default final, on motion of defendant, have the power and authority to set it aside by virtue of G.S. 1-220 upon findings of fact and conclusions of law that the judgment by default final was taken against defendant through its excusable neglect, and that it had a meritorious defense to the action, Judge Hall several months prior thereto having denied a similar motion for the reason that while the defendant had shown

that the judgment by default final was taken against it by its excusable neglect, it had not shown it had a meritorious defense, when the evidence upon which Judge Paul based his findings of fact and conclusions of law that defendant had a meritorious defense to the action was not available to defendant at the time of the hearing before Judge Hall?

In *Cox v. Cox*, 221 N.C. 19, 18 S.E. 2d 713, plaintiff at the September Term 1938 of Nash County Superior Court obtained a divorce *a vinculo* from defendant on the ground of two-year separation. On 3 July 1939 defendant filed a motion to set the decree aside alleging that at the time the action was instituted and service of summons made upon defendant she was insane, a fact well known to plaintiff, and that she was not represented by a next friend or guardian *ad litem*, as required by law. The motion was heard by Judge Bone in chambers in Nashville on 26 October 1939, and he dismissed the motion because of failure to allege that movant had a meritorious defense. Whereupon, a next friend was appointed to represent defendant in further proceedings, a new motion was filed to set aside the decree on similar grounds, and the new motion alleged facts which, if true, would constitute a meritorious defense. The new motion was heard by Harris, J., at September 1941 Term of Nash County Superior Court. In addition to resisting the motion on the merits, plaintiff pleaded that the matter in controversy on the motion had been judicially determined by the order of Judge Bone, and had become *res judicata*. After finding certain facts relative to the alleged insanity of defendant at the time the suit was instituted, and relating to the merits of the defense, Judge Harris rendered judgment setting aside the decree of divorce, and plaintiff appealed. This Court affirmed Judge Harris' judgment, and said: "The former dismissal of a somewhat similar motion by Judge Bone cannot be relied upon by the plaintiff as constituting *res judicata*. Generally the doctrine of *res judicata* will not apply where the judgment is rendered on any grounds which do not involve the merits. 30 Am. Jur., Judgments, sec. 208. The first motion was dismissed for the reason that it contained no allegation that movant had a meritorious defense. *Duffer v. Brunson*, 188 N.C. 789, 125 S.E. 619; *Harris v. Bennett*, 160 N.C. 339, 76 S.E. 217. There is no reason why this should estop defendant from making a second motion free from such technical defect. In the present motion there was an allegation respecting a meritorious defense stated with much particularity and sufficient, if found true, to support the allegation."

This is said in 30A Am. Jur., Judgments, §360: "As a general proposition, the doctrine of *res judicata* prevails as to all subsequent ac-

tions. However, a direct proceeding for the purpose of reversing or setting aside a judgment forms an exception to the doctrine that a matter which has been adjudicated by a court of competent jurisdiction must, in any subsequent litigation between the same parties or their privies, where the same question or questions arise, be deemed to have been finally and conclusively settled."

In 49 C.J.S., Judgments, p. 559, it is written: "While the decision on a motion to vacate or set aside a judgment is not in the strict sense *res judicata*, it has been held that a plea of *res judicata* may be sustained where the second application is on the same grounds as the first. . . . A second application to vacate a judgment founded on facts which were known or which should have been known to the applicant at the time of making the first application will not, as a rule, be considered. . . . If, however, the court is satisfied that there was excusable neglect in not bringing forward all the grounds in the first instance, leave may properly be granted to renew the application. A new motion should always be entertained when based on new grounds, not covered by the former motion and not then known or available to the party."

In *Olson v. Advance Rumely Thresher Co.*, 43 S.D. 90, 178 N.W. 141, the Court said: "A motion to open a default judgment once denied by a judge cannot be renewed unless (a) with leave of the judge who denied it; or (b) if made upon presentation of new facts which have occurred since the denial of the previous motion, in which case the renewal may be made as a matter of right. . . . The 'new matter' which will alone justify the renewal of a motion, without leave, must be something which has happened, or for the first time come to the knowledge of the party moving, since the decision of the former motion." In this case the Court held that the order denying the motion to vacate the default judgment was not *res judicata* on the second motion.

In *Collister v. Inter-State Fidelity B. & L. Assn.*, 44 Ariz. 427, 38 P. 2d 626, 98 A.L.R. 1020, the Court held that a court's denial of a motion to vacate a default judgment is not *res judicata* as to a subsequent motion to vacate it on a different ground.

In *Cox v. Cox, supra*, "The first motion was dismissed for the reason that it contained no allegation that movant had a meritorious defense." In the second hearing before Judge Harris the new motion contained such an allegation, and there was evidence to support it. In the instant case the first motion was dismissed for the reason that the evidence was "insufficient to show that the defendant has a valid, meritorious defense." At the second hearing before Judge Paul defendant produced evidence not available to it at the hearing before

Judge Hall, which if found by the jury to be true, would constitute a meritorious defense. Neither Judge Harris nor Judge Paul reviewed and overruled the judge who entered the previous order. In view of the facts in the instant case, the doctrine of *res judicata* is not applicable, and defendant is not estopped to make its second motion before Judge Paul based on evidence not available to it at the previous hearing.

*Rutherford College v. Payne,* 209 N.C. 792, 184 S.E. 827, relied upon by plaintiff, is distinguishable. In that case the motion was for a change of venue. *Henry v. Hilliard,* 120 N.C. 479, 27 S.E. 130, also relied on by plaintiff, is distinguishable. In that case Judge Timberlake found that the judgment of Judge Starbuck was made by consent of all the parties, and subsequently Judge Bryan on the same grounds found that the judgment of Judge Starbuck was without the consent of anybody, unless it was Mrs. Hilliard. The Court held that the movants are estopped and said: "He (Judge Bryan) reviewed and overruled Judge Timberlake in his findings of fact and law, and set aside the judgment that Judge Timberlake had refused to set aside but had in effect approved and affirmed."

Judge Hall's order is not a mere interlocutory order. *Russ v. Woodard,* 232 N.C. 36, 59 S.E. 2d 351; *Johnson v. Roberson,* 171 N.C. 194, 88 S.E. 231. The principle well established in this jurisdiction that no appeal lies from one Judge of the Superior Court to another (*Neighbors v. Neighbors,* 236 N.C. 531, 73 S.E. 2d 153; *Fertilizer Co. v. Hardee,* 211 N.C. 56, 188 S.E. 623) has no application to a mere interlocutory order. *Cole v. Trust Co.,* 221 N.C. 249, 20 S.E. 2d 54; *Bland v. Faulkner,* 194 N.C. 427, 139 S.E. 835. The *Cole* case relied on by appellee is not in point, though *Cox v. Cox, supra,* relied on by appellee, is.

Judge Paul's findings of fact as to excusable neglect and a meritorious defense are supported by competent evidence, and his findings of fact fully support his conclusions of law and order. Our decisions are uniform to the effect that where the negligence is that of the attorney, and the client against whom the judgment by default is taken has exercised proper care, the client is not ordinarily chargeable with the negligence of his attorney. *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507.

All plaintiff's assignments of error have been considered, and are overruled. Upon the record, the evidence and the findings of fact and conclusions of law made by Judge Paul, his order setting aside the judgment by default final is sustained.

Affirmed.

Higgins, J., not sitting.

MOORE, J., Concurring in result: The grounds alleged in the second motion and those alleged in the first motion are the same. However, when the first motion was heard, no evidence was offered to support the general allegation that defendant had a meritorious defense.

I would affirm, but on this limited ground. When it appeared, as found by Judge Paul, that evidence relevant to defendant's alleged meritorious defense was not available when the matter was heard by Judge Hall, it was permissible for Judge Paul to consider the matter further in relation to the question of meritorious defense.

If Judge Hall, upon evidence as to facts upon which defendant based its defense, had found that defendant had no meritorious defense, my view is that appeal would have been defendant's sole remedy.

BOBBITT AND RODMAN, J.J., concur in concurring opinion.