KISSLING (MURPHY v.). See Case No. 9,-950.

KITCHEN (POPLESTON v.). See Case No. 11,278.

―――

## Case No. 7,854.
### KITCHEN v. STRAWBRIDGE et al.
[4 Wash. C. C. 84.] [1]

Circuit Court, Pennsylvania.[2]    April Term, 1821.

JURISDICTION—CITIZENSHIP OF PARTIES—JUDGMENT QUOD COMPUTET.

1. The declaration states the plaintiff to be a citizen of Georgia, Strawbridge to be a citizen of Pennsylvania, and Sullivan to be a citizen of Massachusetts, and a general appearance was entered by an attorney employed by Sullivan, who knew nothing of the suit. To give jurisdiction to this court, one of the parties must be a citizen of this state, which neither the plaintiff nor Sullivan was. If the plaintiff had been a citizen of this state, the court would have had jurisdiction; but still, Sullivan could not have been compelled to appear to the suit, unless he had been served with process in this district, or had chosen to waive his privilege, and voluntarily to appear. But in a case like this, where there is a total defect of jurisdiction, no appearance or service of process, here, could give it.

[Cited in U. S v. New Bedford Bridge, Case No. 15,867; Allen v. Blunt, Id. 215; Gard v. Durant, Id. 5,216; Knott v. Southern Life Ins. Co., Id. 7,894; Robinson v. National Stock-Yard Co., 12 Fed. 362; Romaine v. Union Ins. Co., 28 Fed. 639.]

2. In this case, the judgment quod computet is interlocutory, from which no writ of error will lie; and the case is, therefore, fully under the control of the court.

This case came before the court upon a rule to show cause, why the judgment against Sullivan should not be set aside. In the year 1800, an amicable action of account render, was entered in this court by the plaintiff against the defendants. The agreement on the part of the defendants was signed by Strawbridge, and a judgment quod computet was entered on the 21st of October, in the same year. The declaration states the plaintiff to be a citizen of Georgia, Strawbridge a citizen of Pennsylvania, and Sullivan a citizen of Massachusetts. A general appearance was entered; but the attorney marked upon the record made an affidavit that he was never employed by Mr. Sullivan, and that he did not appear for him, and that his name

―――

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]
[2] [District not given.]

was marked as the attorney on record by Strawbridge; he, the attorney, not having been then admitted as such in this court. In support of the rule, the counsel relied upon the following cases: [Strawbridge v. Curtiss] 3 Cranch [7 U. S.] 267; Shute v. Davis [Case No. 12,828]; Harrison v. Rowan [Id. 6,140]. On the other side were cited [Morgan v. Morgan] 2 Wheat. [15 U. S.] 290, 297; [Logan v. Patrick] 5 Cranch [9 U. S.] 288; [Hills v. Ross] 3 Dall. [3 U. S.] 331; 1 Salk. 88; 1 Bac. Abr. (Wils. Ed.) 296.

Mr. Binney, in support of the rule.
C. J. Ingersoll, against it.

WASHINGTON, Circuit Judge. In the case of Harrison v. Rowan [supra], it was decided that a citizen of a state where the suit is brought, may sue a citizen of another state, and that such a suit would be within the jurisdiction of the court, both by the terms of the constitution and of the judiciary act of 1789 [1 Stat. 73]. But if the defendant is not a resident of the state where the suit is brought, he cannot be served with process out of that state; although he would be subject to the jurisdiction of the court, in case he should happen to be served with process within that state. That the exemption from being served with process out of the state, is a privilege, and nothing more; which the defendant may waive by entering an appearance to the suit, though he was not actually served with process. In that case, Harrison resided in New Jersey, where the suit was brought, and Rowan in Pennsylvania, which was a case precisely within the jurisdiction of the court; but Rowan employed a solicitor, who entered his appearance to the suit, which the court decided to amount to a waiver of this privilege. But that is a very different case from the present. Here, Kitchen was a citizen of Georgia, and Sullivan a citizen of Massachusetts, and they are so described in the declaration. Neither of the parties then were citizens of this state, where the suit was instituted, and, consequently, no consent of Sullivan, or appearance entered for him, could give jurisdiction to this court. The case would not have been more favourable to the jurisdiction if Sullivan had been served with the process in this state. All the cases cited support this distinction.

2. If then there is not jurisdiction of this cause, so far as Mr. Sullivan is concerned, can the court set aside the judgment for that reason? I admit that a record implies entire verity, and that it cannot be contradicted upon a writ of error, or in a collateral action founded on it. How far the court, in a case where the judgment is entered upon a warrant of attorney, in an amicable action, entered by agreement between the plaintiff and one of the defendants, may inquire into facts to show that the judgment was entered by fraud, mistake, or want of authority to bind a third person, not party to the agreement,

and may grant relief by setting aside the judgment; is a question unnecessary now to be decided. Because in this case the suit is still open and depending in the court, the judgment quod computet being merely interlocutory, from which no writ of error will lie: and, consequently, the proceedings are under the control of the court, and are open to amendments and corrections. The rule for setting aside the judgment against Mr. Sullivan, must be made absolute.