R. E. BLAND AND WIFE, LOUISA BLAND, AND JESSE WALLACE AND WIFE, LIZZIE WALLACE, v. Q. A. FAULKNER.

(Filed 26 October, 1927.)

1. **Partition—Tenants in Common—Exceptions—Deeds and Conveyances —Estoppel.**

   Where the plaintiffs in proceedings to partition lands among tenants in common, except to the report of the commissioners appointed by the court raising an issue as to whether the lands were capable of an actual division or should be sold and the proceeds divided, the plaintiffs are estopped by a deed from one of them to the other conveying a part of the land allotted, from insisting upon their exceptions.

2. **Same—Interlocutory Orders—Questions of Law—Courts—Appeal and Error.**

   The question of whether the commissioners to sell lands in partition had correctly divided them, and also whether the lands were capable of an actual division, are matters of law for the court, upon facts found by him; and where the presiding judge has ordered an issue to be submitted to a jury at a subsequent term to ascertain the true dividing line between certain of the tenants, it is only an interlocutory order which may be disregarded by the judge holding the subsequent term as a matter still within the breast of the court, and does not involve the question as to whether an appeal will lie from one Superior Court judge to another.

3. **Same—Judgments—Modification—Rescission of Order.**

   Interlocutory orders not finally determining or adjudicating the rights of the parties, are under the control of the court and may be amended, modified, changed or rescinded upon good cause shown.

APPEAL by plaintiffs, R. E. Bland and wife, from *Sinclair, J.,* at February Term, 1927, of LENOIR. Affirmed.

This is a proceeding for partition of land situate in Lenoir County. Summons was issued on 8 January, 1919. The report of the commissioners making the partition was filed in the office of the clerk of the Superior Court on 10 March, 1919. Exceptions were filed to said report by plaintiffs on 19 March, 1919. On 24 March, 1925, an order was made by the clerk setting aside the report. Upon appeal from this order, heard at February Term, 1927, the order of the clerk was reversed, the exceptions overruled, and the report of the commissioners confirmed.

During the pendency of the proceedings, to wit, on 2 December, 1919, plaintiffs, Jesse Wallace and wife, conveyed by deed to their co-plaintiffs, R. E. Bland and wife, a portion of the share of said land allotted to them in the report of the commissioners, then on file in the clerk's office, awaiting his action upon the exceptions thereto filed by plaintiffs. The deed conveying the land contains the following words

with reference to the description: "The above 41-acre tract is to be surveyed and cut off from the Jesse Wallace tract of land and is to be surveyed after the final settlement of a suit now pending in Lenoir County, entitled 'Jesse Wallace and wife and R. E. Bland and wife v. Q. A. Faulkner and wife.'" The suit therein referred to is this special proceeding for partition.

At the time of the conveyance of said land R. E. Bland and wife executed their notes for part of the purchase price thereof, and conveyed said land to Jesse Wallace by mortgage deed to secure the payment of said notes. R. E. Bland and wife went into possession of said land under said deed soon after its date and have continued in such possession. On 24 March, 1925, Jesse Wallace and wife filed in this proceeding a paper-writing, called by them a Special Plea, wherein they withdrew their exceptions to the report of the commissioners and prayed that no further action be taken with reference to said exceptions. They alleged that their co-plaintiffs, R. E. Bland and wife, were estopped by their acceptance of the deed and their execution of the mortgage from further insisting upon their exceptions.

Upon the hearing of the appeal from the order of the clerk, setting aside the report of the commissioners on 24 March, 1925, at February Term, 1927, the court submitted an issue to the jury, which was answered as follows:

"What is the true dividing line between the lands of the parties hereto as tenants in common and the defendant, Q. A. Faulkner, individually? Answer: X to Z."

From judgment overruling all the exceptions to the report of the commissioners, confirming said report, and directing that the true dividing line as found by the jury be located by a surveyor, plaintiffs, R. E. Bland and wife, appealed to the Supreme Court.

*Rouse & Rouse for plaintiffs R. E. Bland and wife.*
*Cowper, Whitaker & Allen for plaintiffs Jesse Wallace and wife.*
*F. E. Wallace, C. W. Pridgen, Jr., and Ward & Ward for defendant Q. A. Faulkner.*

CONNOR, J. The controversy in this proceeding between the plaintiffs, on the one part, and the defendant on the other, originally, was as to whether there should be an actual partition of the land owned by them as tenants in common or a sale for division. The commissioners appointed by the clerk pursuant to his order made an actual partition, allotting to the parties to the proceeding their shares in said land, by metes and bounds, in severalty. Exceptions were filed to their report

by the plaintiffs. Pending the hearing of these exceptions, and before any action by the court upon the report, plaintiffs, Jesse Wallace and his wife, who owned an undivided 4/7 interest in the land conveyed to their coplaintiffs, R. E. Bland and wife, who owned an undivided 1/7 interest, a portion of the share allotted to them in the report of the commissioners. The said report was thereafter set aside by the clerk, who in effect ordered that the land be sold for division. The appeal from the order of the clerk came on for hearing before Barnhill, J., at December Term, 1925, of the Superior Court of Lenoir County. Judge Barnhill, upon consideration of the exceptions filed by plaintiffs to the report of the commissioners, made an order directing that certain issues, or more properly speaking, certain questions of fact, should be submitted to a jury at a subsequent term of said court. He thereupon continued the hearing. When the proceeding came on for hearing before Sinclair, J., at February Term, 1927, Judge Sinclair was of the opinion that upon the then state of the record, it was not necessary to submit to a jury the issues as directed by Judge Barnhill at the previous term. He declined to submit said issues, but did submit the issue as set out in the record. Plaintiffs, R. E. Bland and wife, excepted to the action of Judge Sinclair in refusing to submit the issues as directed by Judge Barnhill, and assign same as error.

This assignment of error is not sustained. The order of Judge Barnhill was merely interlocutory. The issues which he directed to be submitted to a jury were not raised by the pleadings, and involved matters which could have been and are usually determined by the judge. His order did not determine or adjudicate any rights of the parties. Interlocutory orders, not finally determining or adjudicating rights of the parties, are always under the control of the court, and upon good cause shown they can be amended, modified, changed or rescinded as the court may think proper. *Maxwell v. Blair*, 95 N. C., 318, and cases cited. The principle that no appeal lies from one judge of the Superior Court to another (see *Dockery v. Fairbanks-Morse Company*, 172 N. C., 529) has no application to a mere interlocutory order. The fact that Judge Barnhill, under our rotating system, was succeeded by Judge Sinclair as the judge of the Superior Court holding the courts of Lenoir County, did not deprive the court of power to modify or rescind the order. No rights of appellants have been affected by Judge Sinclair's action which they assign as error.

The exceptions to the report of the commissioners were filed by plaintiffs jointly on 19 March, 1919. They thereby joined in the contention that the land was not susceptible of actual partition, but should be sold for division. Plaintiffs, R. E. Bland and wife, further excepted for

that the share allotted to them by the commissioners was not worth one-seventh of the value of the entire tract, their undivided interest being one-seventh. Subsequent to the filing of the joint exceptions, plaintiffs, Jesse Wallace and wife, withdrew their exceptions and at the hearing did not resist the confirmation of the report of the commissioners. The court was of opinion that plaintiffs, both Jesse C. Wallace and wife and R. E. Bland and wife, are estopped from relying upon their exceptions by the execution and acceptance of the deed for a portion of the land allotted to Jesse C. Wallace and wife by the commissioners. In this there is no error.

The execution and acceptance of the deed was a ratification of the report. Neither plaintiff could further contend that the land should be sold for division, nor should R. E. Bland and wife be heard to contend further that the report should be set aside with respect to the land allotted to them as their share.

The contention of appellants that subsequent to the execution and acceptance of the deed and mortgage, there was an agreement between them and Jesse Wallace and his wife that the transaction resulting in the conveyance of the forty-one acres of land to appellants should be rescinded, is immaterial to the matters involved in this proceeding. There was no error in the refusal to hear or consider evidence with respect to the alleged agreement.

The suggestion that the controversy between the plaintiffs, which is the subject-matter of this appeal, has arisen because of the decline in land values since 1920, seems to have support. However this may be, we find no error in the record, and the judgment is

Affirmed.