The WEBSTER MOTOR CAR COMPANY and Richard C. Webster, Appellants,

v.

ZELL MOTOR CAR COMPANY, Sidney Zell, O. Englar Gilbert, J. Jackson Smith, G. Dale Proctor, Joseph Janin, individually and as agents of the Zell Motor Car Company, Appellees.

No. 7169.

United States Court of Appeals Fourth Circuit.

Argued April 24, 1956.

Decided June 5, 1956.

Donald D. Webster, Baltimore, Md. (William E. Leahy and Wm. J. Hughes, Jr., Washington, D. C., on brief), for appellants.

John Henry Lewin, Baltimore, Md. (David C. Green and Venable, Baetjer & Howard, Baltimore, Md., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order dismissing an action with prejudice following an interlocutory order theretofore entered by consent of parties providing for dismissal. Appellants contend that the dismissal with prejudice was not authorized by the interlocutory order as of the time such dismissal was entered, and that, if the order be construed as authorizing it at that time, circumstances had arisen since the entry of the interlocutory order rendering such dismissal inequitable.

The action was begun in the District of Maryland to recover damages under

the Sherman Anti Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, on account of an alleged conspiracy in restraint of trade between the defendants named and the Packard Motor Car Company, which was not named as a defendant. Prior to the institution of the action, a similar action had been commenced in the District of Columbia against the same defendants and the Packard Motor Company, but that action had been dismissed against the defendants here for failure to obtain service of process upon them. When the period of limitation under the Maryland statute was about to expire, the plaintiffs instituted this action for the evident purpose of keeping their cause of action alive against the defendants here if they should fail to recover in the District of Columbia action against Packard. Shortly before that action was to be tried and while plaintiffs' counsel were busy preparing for the trial, defendants' counsel made motions in this action to quash service of process and to strike portions of the complaint, and in addition filed lengthy interrogatories and gave notice of the taking of a number of depositions. Plaintiffs' counsel moved for continuances with respect to these matters, and pending the hearing of the motion the parties agreed upon a consent order which was entered by the court on April 29, 1955, as follows:

"Ordered that plaintiffs' motion for a continuance be and it is hereby granted and all proceedings in the present cause are hereby stayed and the present cause is hereby continued for the period from this order until the expiration of two weeks immediately subsequent to the disposition in or by the trial court of said action pending in the District of Columbia (including, without limitation, by settlement, order, directed verdict or verdict of the jury), other than by a decision and order by said trial court that it lacks jurisdiction over said action, and provided further that upon the disposition, as above defined, of the said cause pending in Washington, D. C. the present cause shall be dismissed as to all defendants with prejudice."

A few days after the signing of this order, plaintiffs' counsel became apprehensive that Packard might take the position that its effect was to release Packard from liability as a joint tort-feasor, especially if a dismissal with prejudice should be entered, and made a motion to vacate the order in its entirety or to strike out the portion relating to dismissal with prejudice. Counsel for defendants opposed the motion, taking the position that, under the law, an agreement to dismiss the action with prejudice or dismissal pursuant to such agreement could not result in releasing Packard and that there was no basis for the concern of plaintiffs' counsel. The court, after hearing counsel at length and finding that no fraud or mistake of fact was involved, denied the motion but made the following statement as to the understanding of the parties with regard to the effect of the order:

"I am firmly of the opinion that all counsel believed that the order would not release Packard. Now I don't know that I have any power at this time to make a finding which would be binding on the Washington Court, but I will make this statement, which I will testify to in the Washington Court, or on a deposition to be sent there, or by certificate, or by any way which the parties wish, and which the parties can use as the basis of a stipulation in the Washington Court if they care to do so:

"It was my understanding when the order was presented that not only was there no intention of the parties that the agreement or order should release Packard, but it was my understanding confirmed by what I have heard here today, that the parties, that is, the counsel for the respective parties all intended that the agreement and order should not release Packard.

"I will so testify, or certify, in any way that would be helpful to

**618**

the Court in Washington, if either party wishes to have my understanding brought before the Court in Washington."

The order denying the motion to vacate was entered on May 10, 1955. On the following day Packard filed a motion in the District of Columbia case to amend its answer so as to plead the order of April 29 as a release of its liability. This defense was vigorously pressed but was overruled by the District of Columbia court which rendered judgment for plaintiffs against Packard in the sum of $570,000 plus attorneys' fees. Appeal was taken from this judgment on all issues, including the defense of release as a result of the order of April 29; and that appeal is now pending before the Court of Appeals of the District of Columbia.

After the taking of the appeal by Packard in the District of Columbia case, the defendants here moved in the court below for a dismissal of this action with prejudice. Plaintiffs opposed the motion on the ground that the consent order did not provide for dismissal of the case until after final disposition of the District of Columbia case, but asked that, if the court should hold to the contrary, the order be modified so as to provide for dismissal without prejudice upon plaintiffs giving defendants a covenant not to sue, in form approved by the court. The court entered the order appealed from here, dismissing the case with prejudice on the ground that the condition in the consent decree had been satisfied and that it was not necessary to await the final disposition of the District of Columbia case. With respect to intent to release Packard, the court made the following finding:

"(b) That at the time the order of April 29, 1955, was presented to the court and signed, it was not the intention of the parties that said order or the agreement upon which it was based should release any claim which the plaintiffs herein might have against the Packard Motor Car Company, but that counsel for the respective parties who presented the order of April 29, 1955, intended that said agreement and order should not release the Packard Motor Car Company."

In connection with prior motions to amend and to dismiss, which had been denied as premature, the court had said with respect to the Packard defense of release:

" * * * this defense, which I have said from the beginning I haven't the slightest sympathy with, that this paper was intended to be or might be used as a means of getting a claim of a release of a joint tort feasor. I think it is bad law; I think it is bad morals; I think if it is in this case, and I am not going to do anything to assist Packard in establishing that. * * * I think they are setting up a defense in Washington that I don't think has any legal basis, and I don't think it is justified for reasons which I stated in the opinion which I gave and which I take it was taken up with the court."

There is grave question whether the consent order of April 29 should not be construed as authorizing dismissal only after final disposition of the District of Columbia case. There would be no reason for dismissing the case here, if a judgment rendered in the trial court there should be reversed and the case sent back for a new trial; and there would be just as much reason why the case here should be held in statu quo pending the outcome of such new trial as that it be held in statu quo pending the outcome of the original trial. The agreement was manifestly entered into in the thought, which was correct, that the District of Columbia trial would probably give plaintiffs all the relief they could obtain if disposed of on the merits, and that there was no necessity for going forward with the Maryland case if the District of Columbia case should be so disposed of. Only if it were disposed of otherwise than

on the merits would there be occasion to go forward in the Maryland case; and, whether or not it was disposed of on the merits could be known only after there had been a final disposition, even though this might involve an appeal. If, however, the construction placed on the order by the District Judge be correct, we think it clear that, in view of the admitted facts and of his finding that it was not intended to release Packard, it should either have been set aside or so modified that it could not be used by Packard in an attempt to accomplish that result.

■ The case is not one of setting aside a final order under Rule 62(b) of the Rules of Civil Procedure, 28 U.S. C.A., but of setting aside an interlocutory order relating to the future handling of the case. The fact that it was entered by consent does not impair the power of the court to modify it to any extent that may be necessary to the proper administration of justice. It is not a mere contract of the parties. It is a part of the judicial process for the orderly administration of justice and is completely under the control of the court until final judgment is entered.* In United States v. Swift & Co., 286 U.S. 106, 114–115, 52 S.Ct. 460, 462, 76 L.Ed. 999, Mr. Justice Cardozo, dealing with a consent decree in an anti trust case, said: "The result is all one whether the decree has been entered after litigation or by consent. American Press Ass'n v. United States, 7 Cir., 245 F. 91. In either event, a court does not abdicate its power to revoke or modify its mandate, if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong. We reject the argument for the interveners that a decree entered upon consent is to be treated as a contract and not as a judicial act." A fortiori, a mere interlocutory order entered upon consent is not to be treated as a contract but as a judicial act and, as such, subject to modification by the court in the interest of justice at any time until the entry of final judgment.

■■ Whether or not the judge below was correct in thinking that the dismissal of this case or the order providing for its dismissal would not discharge Packard, we need not decide. Packard did not agree with him in his view of the law and is using the order as a defense to the suit in the District of Columbia and is contending there that it does have that effect. In this connection it should be remembered that Packard has been found by the District of Columbia Court to be a co-conspirator with defendants, and that, under Maryland law, defendants would be liable for contribution to Packard as joint tort-feasors. Flack's Annotated Code of Maryland Art. 50, §§ 20–29. Assuming that the recovery in the District of Columbia Court is sustained against other attacks, for Packard to be released from that liability because of the order of April 29 or dismissal of defendants here pursuant to that order would result in an outrageous miscarriage of justice, not contemplated by the court or by the parties in the entry of the order. The court cannot, of course, control the decision in the District of Colum-

* 60 C.J.S., Motions and Orders, § 62, p. 66 et seq.; Fourniquet v. Perkins, 16 How. 82, 14 L.Ed. 854; John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 88, 42 S.Ct. 196, 66 L.Ed. 475; Marconi Wireless Telegraph Co. of America v. United States, 320 U.S. 1, 47, 63 S.Ct. 1393, 87 L.Ed. 1731; Kitchen v. Strawbridge, 14 Fed. Cas. page 692, No. 7,854, 4 Wash.C.C. 84; Duke Power Co. v. Greenwood County, 4 Cir., 91 F.2d 665, 669; United States to Use of Stallings v. Starr, 4 Cir., 20 F.2d 803, 808; Dangerfield v. Caldwell, 4 Cir., 151 F. 554; Fidelity Trust Co.

v. Board of Education, 7 Cir., 174 F.2d 642, 645; Food, Tobacco, Agricultural and Allied Workers Union v. Smiley, 3 Cir., 164 F.2d 922, 924; Bland v. Faulkner, 194 N.C. 427, 139 S.E. 835, 836. In the case last cited the rule is well stated as follows: "Interlocutory orders, not finally determining or adjudicating rights of the parties, are always under the control of the court, and, upon good cause shown, they can be amended, modified, changed, or rescinded as the court may think proper."

bia case, but it does have plenary power over its own interlocutory orders; and when it appears that any such unintended and unconscionable use is being made of an order that it has entered as appears here, it should not hesitate to set the order aside. The setting aside or modification of interlocutory orders is, of course, a matter resting in the sound discretion of the trial judge; but, upon the facts as found by him here, we think that any other course than the setting aside of the order would not properly protect the orderly administration of justice and hence would not be a sound exercise of discretion.

The order dismissing the cause with prejudice will accordingly be reversed and the case will be remanded to the court below with direction to set aside the order of April 29 and enter such further orders as to the future progress of the case as may be appropriate in the premises.

Reversed and remanded with directions.