STATE OF NORTH CAROLINA v. EDWARD STEVE TURNER

No. 7729SC246

(Filed 21 September 1977)

1. **Courts § 9— superior court judge overruled by another superior court judge— permissible circumstances**

     Although the general rule is that ordinarily one superior court judge cannot overrule another superior court judge, this rule has no application to an interlocutory order which is issued in the discretion of the trial judge when there is a showing of changed circumstances.

2. **Courts § 9; Constitutional Law § 50— speedy trial—interlocutory order of superior court judge—modification proper**

     Order by a superior court judge that defendant's case be tried during the August session of court in Rutherford County or be dismissed by the State was a discretionary interlocutory order, and there was a sufficient showing of changed circumstances to warrant modification of the order where the evidence tended to show that the August calendar in Rutherford County was more crowded than usual and both the district attorney and the court proceeded with the trial of all scheduled cases with due diligence; not only was the calendar filled with difficult cases, but it also contained several serious cases in which the defendants had made requests for speedy trials under G.S. 15A-711(c) and the six-month time limit would have expired if the cases were not heard during the August session; defendant's case could still be given attention within the six-month time limit if the trial were scheduled for the next succeeding session; and since defendant was already serving a five-year sentence on another charge, he was not prejudiced by such a delay.

3. **Constitutional Law § 50— request for speedy trial—trial not within six months— no violation of statute**

     Defendant's contention that the State did not proceed within six months after demand was made upon the solicitor for a speedy trial as provided under G.S. 15A-711(c) is without merit, since defendant filed his request with the clerk on 29 April 1976; the State proceeded within the six-month limitation when it requested on 27 October 1976 defendant's temporary release from prison for appearance at trial; the fact that the trial itself was not until 1 November 1976 was not a violation of this provision; and a copy of defendant's request was not served on the district attorney as provided by G.S. 15A-711(c).

APPEAL by defendant from *Griffin, Judge*. Judgment entered 3 November 1976 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 23 August 1977.

Defendant was tried initially at the May 1975 Session of the Superior Court of Rutherford County on a charge of assault with a deadly weapon with intent to kill inflicting serious bodily injury. He was convicted of assault with a deadly weapon inflicting serious bodily injury and sentenced to a term of imprisonment of 4 to 7 years. Upon appeal to this court he was granted a new trial on 17

March 1976. (*See* 29 N.C. App. 33, 222 S.E. 2d 745.) On 29 April 1976, while imprisoned on other charges in Central Prison, defendant filed four motions with the Clerk of Superior Court of Rutherford County: a motion for a speedy trial pursuant to G.S. 15A-701, G.S. 15A-702(a), (b); a motion for assistance of counsel; a motion for attendance of witnesses; and a "Motion to Dismiss Bar to any Further Prosecution".

On 21 May 1976, Judge Ervin ruled on the motions and found that defendant sought a speedy trial for a confined defendant pursuant to G.S. 15A-711. He ordered that defendant be tried at the August Session of Superior Court of Rutherford County or the case be dismissed by the State; and that defendant be brought to the Rutherford County Jail at least one week prior to the beginning of the August Session so that he might assist his attorney in preparing his defense.

The case was calendared to be tried on 9 August 1976 and on 30 July 1976 Judge Baley issued a writ of habeas corpus *ad prosequendum* to the Commissioner, Department of Correction, ordering that defendant be brought to Rutherford County on 1 August 1976. On 13 August 1976 the district attorney made a motion to continue the defendant's case until the next succeeding session. Judge Baley granted the continuance upon the following findings of fact:

1. That the court has presided at this term of court which began August 2nd and has continued continuously except for the weekend until this date.

2. That there were a large number of cases on the Court Calendar, which included a Court Calendar of some 18 legal sized pages.

3. That the court is advised, from a calculation that at this session of court, 95 cases have been disposed of and judgments imposed therein; that there have been jury trials in second degree murder case, armed robbery case, felonious receiving of stolen property, rape case and the jury has just completed its deliberations in the last rape case on this last scheduled day of court.

4. That in several of the cases which were tried before a jury, the defendants had previously been tried and been granted new trials by the Court of Appeals and had filed motions for speedy trials.

5. That in the case of State against Joseph Marion Head, in particular, the case has been before the Court of Appeals upon

two occasions and the defendant in the case had made enumerable motions for a speedy trial and a wide variety of other motions; that all of these cases had to be heard and the motions heard and determined; that Joseph Head requested that his counsel be dismissed and that the court permitted such counsel to be withdrawn and permitted the defendant, Joseph Head to represent himself at his insistence and request; that the trial of the case against Joseph Head required an unusually long period of time by virtue of the fact the court was endeavoring to protect a defendant who was acting without counsel.

6. That there has been no delay of any kind in connection with the cases on trial and that they involve matters of great and grave importance to the people of the county, including murder, rape, armed robbery and other similar serious offenses; that the district attorney has been busily engaged personally in the trial of practically all of the cases and certainly all of the important cases which have been tried, that both the district attorney and the court have been diligent in seeing that every effort was made to try all of the cases on the calendar and to reach the defendant's case, if possible; that there were many defendants in the jail and an effort has been made to see that prompt action was taken in all cases where the defendants were incarcerated and needed a speedy trial.

7. That this defendant, Steve Turner, is now incarcerated in the North Carolina Department of Correction upon another case where he is sentenced to a term of 5 years imprisonment; that there is no showing by him or his counsel other than the statement of counsel that there is any prejudice which would be served against Steve Turner by a continuance of this matter to the next term of court, that any witnesses which counsel states may not be available have not been named and none of the testimony which they propose to be brought forth by them is submitted and there is no indication of what those witnesses would testify about; that the defendant has represented that he cannot get work release and that his parole will not be considered and that this is prejudice to him. The court finds that this is not sufficient grounds or prejudice to require the dismissal of a charge of assault with a deadly weapon with intent to kill inflicting serious bodily injury; that the court has not been apprised by the defendant or his attorney until just shortly before the present motion was heard. Counsel appeared in court and moved that the case be dismissed; that there was

no other notice to this court during the entire trial of the two week term that counsel for the defendant was urging that this case be tried. The only other indication was that in the file there was an Order by Judge Ervin, as hereinabove referred to.

8. That the trial of the defendant, Turner, at this term of court was not unduly delayed but that, in the discretion of the district attorney in which the court concurs, other cases of a major importance and essential to the administration of justice were tried prior to this case and the time which was available for trial was utilized at all times and the court finds as a fact that it was utilized in cases which were of such magnitude that the present case must, of necessity, be deferred; that in particular, the case of *State v. Joseph Marion Head* for rape required time which could have been used in this trial and had been set aside therefor, but in view of the magnitude of the Head case and the fact a motion for speedy trial had been filed in that case to the district attorney, in his discretion in which the court concurs, tried the other cases in preference to the present case.

9. That under all of the circumstances in this case and the term of court trials which have been conducted, the court determines, in its discretion, that the district attorney has been diligent in his duty and there has been no undue delay in the trial of Steve Turner and there is no prejudice which has been shown which will be incurred by the defendant, Steve Turner, AND IT IS ORDERED THAT THIS CASE BE CONTINUED FOR THE TERM UNTIL THE NEXT SUCCEEDING TERM AT WHICH IT MAY BE TRIED, if there is not some unusual emergency which would prevent its trial at this time.

On 27 October 1976, Judge Griffin issued a writ of habeas corpus *ad prosequendum* to the Commissioner, Department of Correction, directing him to deliver the defendant for trial on 1 November 1976. Defendant moved to dismiss pursuant to G.S. 15A-711(c). Judge Griffin denied the motion.

The case was called for trial on 1 November 1976. Defendant entered a plea of not guilty to the charge of assault with a deadly weapon inflicting serious injury. The jury returned a verdict of guilty of assault with a deadly weapon, and the court entered judgment imposing a two-year sentence, to begin at the expiration of the sentence defendant is now serving in case No. 74-CR-8063. Defendant was given credit against the two-year sentence of the period

from 14 August 1975 until 7 April 1976. The court recommended work release and that the defendant be required to support his wife from his earnings.

*Attorney General Edmisten, by Assistant Attorney General Jo Anne S. Routh, for the State.*

*Donald F. Coats for defendant appellant.*

BRITT, Judge.

By his first assignment of error, defendant contends that Judge Baley erred in granting the State's motion for continuance after Judge Ervin had ordered that the case be tried during the August session of court in Rutherford County or be dismissed by the State. The assignment has no merit.

Defendant made his original motion for a speedy trial under G.S. 15A-702 on 29 April 1976, some 31 days after the Court of Appeals had granted him a new trial. On 21 May 1976 Judge Ervin, in response to defendant's motion, ordered that defendant be tried at the August Session of the court or that the case be dismissed. In the order Judge Ervin cited G.S. 15A-711 as supporting authority for the motion and order.

Under G.S. 15A-711(c) provision is made for the speedy trial request to the solicitor by a defendant who is confined in an institution in this State pursuant to a criminal proceeding and who has other criminal charges pending against him. This statute provides:

"15A-711(c) A defendant who is confined in an institution in this State pursuant to a criminal proceeding and who has other criminal charges pending against him may, by written request filed with the clerk of the court where the other charges are pending, require the solicitor prosecuting such charges to proceed pursuant to this section. A copy of the request must be served upon the solicitor in the manner provided by the Rules of Civil Procedure, G.S. 1A-1, Rule 5(b). If the solicitor does not proceed pursuant to subsection (a) within six months from the date the request is filed with the clerk, the charges must be dismissed."

The quoted statute did not give Judge Ervin the power to require a trial at the August session or order a dismissal. The statute requires that the request be served on the solicitor (district attorney) who then has six months to proceed.

Defendant argues that Judge Ervin's authority was not derived solely from this statute, and that one superior court judge cannot overrule another superior court judge.

[1]  Although the general rule in civil cases is that ordinarily one superior court judge cannot overrule another superior court judge, 3 Strong's North Carolina Index 3d, Courts § 9, p. 587, this rule has no application to an interlocutory order which is issued in the discretion of the trial judge when there is a showing of changed circumstances. *Calloway v. Ford Motor Co.*, 281 N.C. 496, 189 S.E. 2d 484 (1972); *Moore v. W O O W, Inc.*, 250 N.C. 695, 110 S.E. 2d 311 (1959); *Bland v. Faulkner*, 194 N.C. 427, 139 S.E. 835 (1927).

The same basic principles apply in criminal cases. In *State v. Jones*, 278 N.C. 259, 179 S.E. 2d 433 (1971), the court held that a defendant would not be allowed to withdraw a guilty plea after it had already been accepted by another judge absent a showing of fraud, duress or undue influence. But in *State v. McClure*, 280 N.C. 288, 185 S.E. 2d 693 (1972), the court held that a second judge could in his discretion accept the defendant's guilty plea which had been rejected by another judge if circumstances would then support the plea.

The key points are (1) determination of whether there is an interlocutory order rather than a final decision, and (2) whether there is a sufficient showing of a change in circumstances to justify modifying the prior order.

On the question of interlocutory orders, North Carolina case law has provided the following rules. In *Greene v. Charlotte Chemical Laboratories, Inc.*, 254 N.C. 680 at page 693, 120 S.E. 2d 82, p. 91 (1961), the court stated:

> "An order or judgment is merely interlocutory if it does not determine the issues but directs some further proceeding preliminary to final decree. Such an order or judgment is subject to change by the court during the pendency of the action to meet the exigencies of the case. But an order or judgment which affects some substantial right claimed by a party may not be modified or vacated by another judge on the ground that it is erroneous. Relief from an erroneous judgment is by appeal to the Supreme court. *Russ v. Woodard*, 232 N.C. 36, 59 S.E. 2d 351."

In *Bland v. Faulkner*, 194 N.C. 427, 429, 139 S.E. 835 (1927), the court stated (page 836): "Interlocutory orders, not finally determin-

ing or adjudicating rights of the parties are always under the control of the court, and, upon good cause shown, they can be amended, modified, changed, or rescinded as the court may think proper. *Maxwell v. Blair*, 95 N.C. 318, and cases cited."

[2] Applying these principles to the present situation, we think Judge Ervin's order was a discretionary interlocutory order that was subject to modification upon a showing of changed circumstances.

Since it is established that the order was an interlocutory one, the question remaining is whether there was a sufficient showing of changed circumstances to warrant modification of Judge Ervin's interlocutory order. Judge Baley's allowance of the motion for a continuance by the State was also a discretionary interlocutory order and was based upon an ample showing of changed circumstances. The August calendar was more crowded than usual and both the district attorney and the court proceeded with the trial of all scheduled cases with due diligence. Not only was the calendar filled with difficult cases, it also contained several serious cases in which the defendants had made requests for speedy trials under G.S. 15A-711(c) and the six-month time limit would have expired if the cases were not heard during the August session. Defendant's case could still be given attention within the six-month time limit if the trial were scheduled for the next succeeding session. Since defendant was already serving a five-year sentence on another charge, he was not prejudiced by such a delay.

[3] In defendant's second assignment of error, we find no merit. He contends that the State did not proceed within six months after demand was made upon the solicitor for a speedy trial as provided under G.S. 15A-711(c). This statute states in its last provision that "[i]f the solicitor does not proceed pursuant to subsection (a) within six months from the date the request is filed with the clerk, the charges must be dismissed." Subsection (a) provides:

"(a) When a criminal defendant is confined in a penal or other institution under the control of the State or any of its subdivisions and his presence is required for trial, the solicitor may make written request to the custodian of the institution for temporary release of the defendant to the custody of an appropriate law-enforcement officer who must produce him at the trial. . . . "

In the present case the State obtained from Judge Griffin a writ of habeas corpus *ad prosequendum* to the Commissioner of the

Department of Correction on 27 October 1976. Defendant had filed his request with the clerk on 29 April 1976. The State complied with G.S. 15A-711(a) within the six-month limitation. The fact that the trial was not until 1 November 1976 was not a violation of this provision. The State *proceeded* within the six-month limitation when it made the request for the defendant on 27 October 1976. Furthermore, it does not appear that a copy of defendant's request was served on the district attorney as provided by G.S. 15A-711(c).

No error.

Chief Judge BROCK and Judge MORRIS concur.