STATE OF NORTH CAROLINA v. GEORGE R. WILLIAMSON

No. COA10-883

(Filed 7 June 2011)

**1. Appeal and Error— motion for appropriate relief—mootness**

Defendant's motion for appropriate relief under N.C.G.S. § 14A-1415(b)(3) in an assault on a female case was moot because the Court of Appeals vacated the trial court's order and remanded for a new hearing on defendant's motion and request for dismissal.

**2. Constitutional Law— right to speedy trial—trial court's failure to make proper inquiry**

The trial court erred in an assault on a female case by denying defendant's motion for dismissal based on the State's failure to comply with his request for a speedy trial under N.C.G.S. § 15A-711. The record was void of any evidence that the trial court made the appropriate inquiry in consideration of defendant's motion. The order was vacated and remanded for a new hearing on the motion.

Appeal by Defendant from Judgment entered 4 February 2010 by Judge Alan Z. Thornburg in Yancey County Superior Court. Heard in the Court of Appeals 15 December 2010.

*Attorney General Roy Cooper, by Special Deputy Attorney General Mabel Y. Bullock, for the State.*

*Faith S. Bushnaq for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

George R. Williamson ("Defendant") appeals from his conviction for assault on a female and argues the trial court erred in denying his Motion and Request for Dismissal. We vacate the Order denying his Motion and remand for a new hearing.

**I. Factual & Procedural History**

On 4 February 2008, Defendant was indicted for felony assault inflicting serious bodily injury and assault on a female. The indictments stem from an incident that occurred on 12 October 2007, at which time Defendant was on parole from a prior conviction. Consequently, on 30 October 2007, Defendant's parole was revoked

and he was incarcerated at Central Prison in Raleigh, North Carolina. Sometime thereafter, Defendant was transferred to Avery/Mitchell Correctional Facility in Spruce Pine, North Carolina.

On 16 April 2008, Defendant wrote to his appointed counsel requesting his attorney file a motion for a speedy trial. Defendant sent a copy of the letter to the Clerk of Superior Court. Nearly one year later, Defendant drafted a "Motion for a Speedy Trial" in which he stated that he had been detained by the Department of Correction for approximately eighteen months awaiting trial; that his first appointed attorney refused to file a motion for a speedy trial; and pursuant to N.C. Gen. Stat. § 15A-711, he was requesting "a speedy disposition of the charges pending" against him. Defendant's "Motion" was dated 9 April 2009 and indicates that Defendant sent copies to his attorney, Shelly Blum, District Attorney Virginia Thompson, and Senior Resident Judge James L. Baker, Jr.

In a letter dated 20 April 2009, Judge Baker replied to Defendant stating that he received Defendant's Motion; that the Motion did not appear to be filed with the Clerk of Superior Court; and that copies of the Motion were sent to the District Attorney and Defendant's attorney. Judge Baker also stated Defendant's case was scheduled for 26 May 2009 in Yancey County Administrative Court, at which time any pre-trial motions could be made and, if the case was not disposed of at that hearing, a trial date would be set. Finally, Judge Baker stated he was sending copies of his response and Defendant's Motion to the Clerk of Court, the District Attorney, and to Defendant's attorney. Both Judge Baker's letter and Defendant's Motion were date-stamped 22 April 2009 by the Yancey County Clerk of Superior Court.

At the 26 May 2009 Administrative Court hearing, Defendant's case was scheduled on the trial calendar, but was subsequently continued several times due to older cases taking precedence, the unavailability of an expert witness, and because the victim in the incident for which Defendant was charged with assault was scheduled for an unrelated surgery. The trial was ultimately scheduled for 1 February 2010.

On 3 November 2009, Defendant drafted a *pro se* Motion and Request for Dismissal pursuant to N.C. Gen. Stat. § 15A-711 for the State's failure to prosecute and for the denial of Defendant's right to a speedy trial guaranteed under the Sixth Amendment of the United States Constitution and the Law of the Land Clause of the North Carolina Constitution; the Motion was filed 9 December 2009.

Defendant's trial came on for hearing during the 1 February 2010 Criminal Session of the Yancey County Superior Court, Judge Alan Z. Thornburg presiding. At the start of the hearing, the trial judge asked counsel if there were any pretrial motions to be heard. In response, Defendant's attorney stated that Defendant filed a *"pro se* motion for a speedy trial" and a Motion and Request for Dismissal for failure to "give him a speedy trial," and that Defendant asked counsel to present evidence on the motions. The trial court permitted Defendant's attorney to present evidence on the Motion and Request for Dismissal including Defendant's in-court testimony concerning his incarceration since 30 October 2007 for the alleged assault. The State participated in the hearing on Defendant's Motion and argued that the Motion should be denied. The District Attorney argued the State responded to Defendant's "speedy trial" motion appropriately, noting that Judge Baker replied to Defendant in his 22 April 2009 letter and calendared the trial for an administrative court date: "The State would contend that we have addressed this as is required by Statute calendaring this trial and has done some [sic] in a timely manner."

The Defendant further testified about his knowledge of the whereabouts of a witness to the 12 October 2007 events on direct examination by his appointed counsel and on cross-examination by the State. The trial court denied Defendant's Motion for a speedy trial, finding "no grounds for dismissal" and questioned whether there was a separate motion for counsels' questions regarding attempts to locate a witness. Defendant's counsel responded there was not a separate motion regarding the availability of the witness; his questions were part of his "evidentiary presentation." The trial court then proceeded with Defendant's trial.

Defendant was found guilty of one count of assault on a female and was sentenced to seventy-five days, with credit for thirty days for time served on the charge prior to his sentencing. The trial court ordered the sentence was to be served at the conclusion of all other sentences Defendant was serving at the time of his sentencing. Defendant gave notice of appeal in open court.

[1] On 6 December 2010, Defendant filed a Motion for Appropriate Relief ("MAR") pursuant to N.C. Gen. Stat. § 15A-1415(b)(3). In this Motion, Defendant alleges that his due process rights under the Fourteenth Amendment of the United States Constitution would be violated if his motion to dismiss based on an alleged violation of N.C. Gen. Stat. § 15A-711 was decided without consideration of additional evidence filed with his MAR. Because we vacate the trial court's

Order and remand for a new hearing on Defendant's Motion and Request for Dismissal, his Motion for Appropriate Relief is moot.

## II. Jurisdiction & Standard of Review

As Defendant appeals from the final judgment of a superior court, an appeal lies of right with this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2009). We review the trial court's denial of Defendant's Motion and Request for Dismissal for errors of law *de novo. See State v. Doisey,* 162 N.C. App. 447, 453, 590 S.E.2d 886, 891 (2004) (affording no deference to the trial court).

## III. Analysis

**[2]** Defendant's sole argument on appeal is the trial court erred in denying his Motion and Request for Dismissal for the State's failure to comply with his request for a "speedy trial" pursuant to N.C. Gen. Stat. § 15A-711. Before addressing the merits of Defendant's appeal, we feel it is necessary to clarify the nature of Defendant's filings in the trial court; this Court addressed similar misinterpretations of section 15A-711 in *State v. Doisey,* and they bear repeating here. *Doisey,* 162 N.C. App. at 453, 590 S.E.2d at 891.

First, while N.C. Gen. Stat. § 15A-711 is sometimes referred to as a "speedy trial" statute, it is an improper characterization of the statute; the statute does not guarantee a defendant the right to a speedy trial. That right is guaranteed by our state and federal constitutions. *Doisey,* 162 N.C. App. at 450, 590 S.E.2d at 889. Rather, section 15A-711 provides an imprisoned criminal defendant the right "to formally request that the prosecutor make a written request for his return to the custody of local law enforcement officers in the jurisdiction in which he has other pending charges." *Doisey,* 162 N.C. App. at 451, 590 S.E.2d at 890 (explaining N.C. Gen. Stat. § 15A-711 (2003)). The temporary release of the defendant to the local jurisdiction may not exceed 60 days. *Id.* at 449, 590 S.E.2d 889. If the prosecutor is properly served with the defendant's request and fails to make a written request to the custodian of the institution where the defendant is confined within six months from the date the defendant's request is filed with the clerk of court, the charges pending against the defendant must be dismissed. N.C. Gen. Stat. § 15A-711(a), (c) (2009); *Doisey,* 162 N.C. App. at 450, 590 S.E.2d at 889.

The State's compliance with section 15A-711 does not require that the defendant's trial occur within a given timeframe. *State v. Dammons,* 293 N.C. 263, 267, 237 S.E.2d 834, 837 (1977); *Doisey,* 162

N.C. App. at 450, 590 S.E.2d at 889. Rather, the State satisfies its statutory duty when the prosecutor timely makes the written request for the transfer of the defendant, "whether or not the trial actually takes place during the statutory period of six months plus the sixty days temporary release to local law enforcement officials." *Doisey*, 162 N.C. App. at 450-51, 590 S.E.2d at 890.

Second, although requests for the prosecutor's compliance with section 15A-711 are sometimes styled as "motions" for a "speedy trial," the statute does not authorize a defendant to submit a motion to the trial court. *Id.* at 451, 590 S.E.2d at 890 ("[N.C. Gen. Stat.] § 15A-711(c) does not require a defendant to, *e.g.*, 'apply to the trial court' or 'file a motion seeking' that the prosecutor comply with the statute."). Nor does the statute authorize the trial court to enter an order pursuant to a defendant's request. *Id.* Accordingly, Defendant's 22 April 2009 "motion for a speedy trial" is not a motion, but a request for the prosecutor's compliance with the statute. Subsequent to his request, Defendant filed a *pro se* Motion and Request for Dismissal on 9 December 2009, citing N.C. Gen. Stat. § 15A-711, and claiming the District Attorney failed to comply with the statute.

## A. Counsel's Adoption of Defendant's *Pro Se* Motion

In response to Defendant's argument that the trial court erred in failing to dismiss the charges against him, the State cites our Supreme Court's decision in *State v. Grooms* and argues that Defendant had no right to file a *pro se* motion while he was represented by appointed counsel. 353 N.C. 50, 61, 540 S.E.2d 713, 721 (2000) ("Having elected for representation by appointed defense counsel, defendant cannot also file motions on his own behalf or attempt to represent himself.") *cert. denied*, 534 U.S. 838, 122 S. Ct. 93 (2001). When Defendant submitted his 22 April 2009 request for a speedy trial and his 9 December 2009 Motion and Request for Dismissal, he was represented by counsel. Defendant argues, however, that his attorney adopted his *pro se* motion when his attorney presented evidence to the trial court in support of the Motion. We agree with Defendant's argument.

While the State also cites *State v. Williams*, 363 N.C. 689, 686 S.E.2d 493 (2009), *cert. denied*, —— U.S. ——, 131 S. Ct. 149 (2010), in which our Supreme Court rejected a similar argument, we find the present case distinguishable. In *Williams*, our Supreme Court rejected the defendant's argument that the prohibition against filing *pro se* motions while represented by counsel did not apply in that case because his counsel "adopted" the motions. *Williams*, 363 N.C.

at 700, 686 S.E.2d at 501 (concluding counsel did not adopt the defendant's motions where counsel made no arguments on the motions and merely stated to the trial court, " 'The defendant filed some *pro se* motions. We need rulings on those.' ").

We conclude the facts of the instant case are more aligned with this Court's recent decision in *State v. Howell*, No. 10-476, —— N.C. App. ——, —— S.E.2d ——, 2011 WL 1645851 (May 3, 2011). In *Howell*, the defendant, while represented by counsel, filed a request pursuant to N.C. Gen. Stat. § 15A-711 and, subsequently, a *pro se* Motion and Request for Dismissal for the State's failure to comply with his request for a speedy trial. *Id.* at ——, —— S.E.2d at ——, 2011 WL 1645851 at *1. At trial, the defendant's counsel and the State made arguments concerning N.C. Gen. Stat. § 15A-711 and the defendant's right to a speedy trial under the state and federal constitutions, and the trial court granted the motion. *Id.* On appeal, the State argued the trial court should not have addressed the motion because the defendant was represented by counsel. *Id.* In rejecting the State's argument, we noted that "[n]owhere in *Williams* or *Grooms* does our Supreme Court state that a trial court cannot consider a motion filed by a defendant personally when the defendant is represented by counsel, only that it is not error for the trial court to refuse to do so." *Id.* at ——, —— S.E.2d at ——, 2011 WL 1645851 at *2.

In the present case, Defendant filed a Motion and Request for Dismissal pursuant to N.C. Gen. Stat. § 15A-711, the trial court addressed the Motion, and Defendant's counsel and the State presented arguments on the merits of the Motion. Accordingly, we reject the State's argument. The trial court did not err in addressing Defendant's Motion.

### B. Trial Court's Denial of Defendant's Motion

Next, the State argues Defendant is not entitled to relief under N.C. Gen. Stat. § 15A-711, because the State complied with the statute by making written requests to the Department of Correction to have Defendant transferred to the local authorities for his trial. In support of this argument, the State refers to "numerous writs" included in the amended record. A review of the record reveals one Application and Writ of Habeas Corpus Ad Prosequendum that is dated within the six-month time period after Defendant's 22 April 2009 request pursuant to section 15A-711. That writ is dated 23 April 2009—the day after Defendant's request was filed—but the Writ is not date-stamped by

the clerk of court. *See* N.C. R. App. P. 9(b)(3) (2011) ("Every pleading, motion, affidavit, or other paper included in the record on appeal shall show the date on which it was filed . . . ."). While this Court has noted, on at least one occasion, that Rule 9(b)(3) does not require a date-stamp on "each paper" in the record, the record in that case contained an affidavit in which the affiant averred to the date on which the paper in question was filed. *In re S.J.M.*, 184 N.C. App. 42, 49, 645 S.E.2d 798, 802, (2007), *aff'd*, 362 N.C. 230, 657 S.E.2d 354 (2008). The record in the present case contains no such evidence. In fact, we find no reference in the transcript to the 23 April 2009 writ.

During the hearing on the Motion, the District Attorney argued the State complied with section 15A-711 by scheduling Defendant's case on the administrative calendar. The calendaring of Defendant's case, however, is not sufficient to comply with the statute. *See Dammons*, 293 N.C. at 267, 237 S.E.2d at 837 ("The statute provides that following defendant's request the state must proceed within six months 'pursuant to subsection (a),' that is, not to trial but to request a defendant's temporary release for trial . . . .") (quoting N.C. Gen. Stat. § 15A-711(c)); *State v. Turner*, 34 N.C. App. 78, 85, 237 S.E.2d 318, 323 (1977) ("The State proceeded within the six-month limitation when it made the request for the defendant . . . ."). Rather, "[t]he appropriate inquiry upon a motion to dismiss for failure to comply with G.S. § 15A-711 is whether the prosecutor made a written request for defendant's transfer to a local law enforcement facility within six months after defendant files his request." *Doisey*, 162 N.C. App. at 453, 590 S.E.2d at 891. Because the record in the present case is void of any evidence the trial court made the proper inquiry in response to Defendant's Motion, we must vacate the trial court's Order and remand for a new hearing on the Motion. *See Howell*, —— N.C. App. at ——, —— S.E.2d. at ——, 2011 WL 1645851 at *6 (vacating order and remanding to trial court due to trial court's incomplete analysis on the defendant's motion and request to dismiss for State's failure to comply with N.C. Gen. Stat. § 15A-711); *Doisey*, 162 N.C. App. at 453, 590 S.E.2d at 891 (reversing and remanding for same).

## IV. Conclusion

In sum, we conclude the trial court did not err in considering Defendant's Motion and Request for Dismissal for the State's alleged failure to comply with N.C. Gen. Stat. § 15A-711. The record, however, is void of any evidence the trial court made the appropriate inquiry in consideration of Defendant's Motion. Accordingly, the trial court's

Order denying Defendant's Motion and Request for Dismissal is vacated and we remand for a new hearing on the Motion.

Vacated and remanded.

Judges STEELMAN and STEPHENS concur.